## TOMBS *vs.* THE ROCHESTER AND SYRACUSE RAILROAD COMPANY.

The provision of the statute (*Laws of* 1850, *ch.* 140, § 44) requiring railroad companies to erect and maintain, at farm crossings, bars or gates to prevent cattle, &c. from getting upon the railroad, is for the benefit and protection of the landowner; and if he refuses to have bars or gates erected, or desires the corporation not to put them up, or undertakes with the corporation to erect them, himself, the omisssion of the company to perform the duty imposed by the statute, is not wrongful, under the circumstances, and cannot be made the foundation of an action by the landowner, or one claiming under him.

A party may always waive a right in his favor, created by statute; and when the owner of land crossed by a railroad, himself undertakes to do what the statute obliges the corporation to perform, and does it in a manner to suit his own convenience, at the expense of the corporation, he is bound to accept his own performance as a satisfaction to himself and those occupying under him, of the obligations of the corporation.

It was agreed between W., a landowner, and a railroad company, that the latter should fix the crossings to a lane, and that the former should occupy the lane as he had ever done before, viz. as an open lane. Subsequently the corporation requested W. to go on and fix the crossing at the lane, as he wished to have it; and he did so, but without erecting gates or bars, and the corporation paid him for it. A cow, belonging to a tenant of W., having strayed upon the railroad track, from the lane, where she was allowed to run, was killed by the engine of the company. *Held,* that the corporation was not liable.

APPEAL by the defendants, from a judgment of the Seneca county court. The action was commenced before a justice of the peace, to recover the value of a cow, run over and killed by the locomotive of the defendants, upon their railroad track. It appeared in evidence that the cow got upon the track from a lane which the railroad crossed. The lane was a private one, belonging to Mr. Wells, the plaintiff's landlord, and was made for the accommodation of the farm occupied by the plaintiff, long before the construction of the railroad. It was used for the purpose of driving stock to water and pasture. The agreement made between Mr. Wells and the railroad company, upon his consenting to their crossing his farm, was as follows, as testified by Wells : " They were to fix the crossings to the lane, and I was to occupy the lane as I always had done ; they did not fix the crossings then ; about three years ago when Mr. Gustin was superintendent of the track, he told me to fix it as I wanted it, and I did so, and Gustin, for defendants, paid me for doing it ; there are cattle guards on each side of the lane where it crosses the railroad track ; I never put up any bars or gates across the lane, either side of the track of the railroad." Wells further testified that he was not to be deprived of any use of the lane as he had before used it ; that he had always before let cattle run there, as they still did ; and that he never would have consented to the railroad going there, if the company were to make bars or gates across the lane. That the railroad was fenced on both sides, through the farm, except across the lane. The justice rendered a judgment for the plaintiff, which, on appeal, was affirmed by the county court.

*J. T. Miller,* for the appellants.

*Wm. H. Burton,* for the respondent.

*By the Court,* JOHNSON, P. J. The question upon which this case turns is, whether the defendants were bound under the circumstances, to make and maintain a fence or gate across the lane, on the farm occupied by the plaintiff, and where the injury com-

plained of happened, under the provisions of the general rail-road act of 1848. It appears by the testimony of Dr. Wells, the plaintiff's landlord, that it was agreed between him and the defendants that they should fix the crossings of the lane in question, and that he was to occupy it the same as he had ever done before, which was as an open lane. That he built the fence through the farm, for the defendants, and they paid him for it. That some three years before the trial, the agent of the defendants requested him to go on and fix the crossing at the lane, as he wished to have it, and that he did so, and the defendants paid him for it. That nothing in particular was ever said about gates or bars across the lane, but that he never would have consented to have the road come there, if he had supposed they were to erect bars or gates there.

The justice held, and so did the county court, that notwithstanding all this, the obligations resting upon the corporation to erect and maintain gates or bars across the lane, was still existing and imperative, and had not been in any degree waived or satisfied.

It has been held that this provision of the act of 1848 did not apply to railroad corporations then existing, who had previously acquired the right of way, and paid the landowner his damages. (*Milliman* v. *The Oswego and Syr. Railroad Co.*, 10 *Barb.* 87 ; *Marsh* v. *The N. Y. and Erie Railroad Co.*, 14 *id.* 370.) The evidence here, however, does not show when the defendants acquired their title. But admitting the liability of the defendants to make the fences through the farm in question, under the act, can it be said they are liable under that statute for injuries sustained in consequence of this lane being left open ? Clearly not. The statute is for the benefit and protection of the landowner; and if he refuses to have it done, or desires the corporation not to do it, or undertakes with the corporation to do it, himself, he cannot complain that it it has not been done. The omission of the corporation, under such circumstances, to do what the law otherwise made it their duty to perform, is not wrongful, and cannot be made the foundation of an action. A party may always waive a right in his favour created by statute, the same as any other. And

where the landowner himself undertakes to do what the statute obliges the corporation to perform, and does it in a manner to suit his own convenience, at the expense of such corporation, he is bound to accept his own performance as a satisfaction to himself and all those who occupy under him, of the obligations of the corporation. This being so, the plaintiff was guilty of carelessness in suffering his cow to run in the lane where she would be liable to get in the way of the defendant's engines and cars, and cannot recover. The judgment of the county court, and of the justice must therefore be reversed.

[MONROE GENERAL TERM, September 4, 1854. *Johnson, Wells* and *T. R. Strong,* Justices.]