# Taylor *v.* Murphy, Appellant.

# Taylor *v.* Williams, Appellant.

[Marked to be reported.]

*Mechanics' lien—Rights of contractor and subcontractor.*

All persons furnishing labor or materials for the erection of a building are bound to take notice of the title of the apparent owner. If he is an intruder without right, the lien of contractor and subcontractor must alike fall. If he holds an equitable title only, the lien will bind such title as he has and no more: Weaver v. Sheeler, 118 Pa. 634.

Where the principal contractor has stipulated that no lien shall be filed, the stipulation is binding upon a subcontractor, since the contract is the source from which the rights of the subcontractor, through the principal contractor, are derived, and a stream cannot rise higher than its source: Schroeder v. Galland, 134 Pa. 277.

*Stipulation against filing all liens—Constitutional law—Statute impairing obligation of contract.*

The agreement of a contractor to provide labor and materials for the erection of a building, and look for his security solely to the responsibility of the owner, leaving the building unincumbered by liens, is a valid and binding one. It violates no rule of public policy.

A statute that should disregard its obligation, and authorize the entry of a lien for work or materials in violation of its terms, would seem to be within the prohibition of the constitution, article 1, section 17, which declares that no law impairing the obligation of contracts shall be passed. It might also be within the limitation of the powers of the several states found in article 1, section 10, of the constitution of the United States.

*Mechanics' liens—Contract to " release and discharge " liens.*

A stipulation that the contractor will " release and discharge the said houses from the operation of all liens, either for materials furnished or work done in the construction of the same," is not a waiver of the right to enter a lien, or a covenant that none shall be entered. It is a personal undertaking on the part of the contractor to settle any liens that may be filed before demanding payment of the balance due upon his contract.

*Mechanics' liens—Terms of contract—How far binding on subcontractor.*

A subcontractor must take notice of the general character of the building and of the material and labor proper to be used in its construction. He must see that the materials he supplies are such as may be reasonably needed for use about such building, both as to their quantity and quality. Subject to these qualifications and conditions, he may bind the building for what his materials or labor may be reasonably worth, and it is no defence to his lien for the owner to show that the aggregate of claims

against the building exceeded the contract price which was stipulated for with the principal contractor.

*Affidavit of defence—Averments too general in character.*

An affidavit of defence to a sci. fa. on a mechanics' lien set forth that the material furnished was not such as the contract required, and in consequence of its defective character the house was worth $125 less than it otherwise would have been, and claimed a defence to that amount

*Held,* that this averment was too general to prevent judgment.

Argued Jan. 11, 1892.   Appeals, Nos. 455 and 456, Jan. T., 1892, by defendants, Christopher J. Murphy and John C. Williams, from judgments of C. P. No. 4, Phila. Co., June T., 1890, Nos. 253 and 254, for want of sufficient affidavits of defence, in favor of plaintiffs, Benjamin F. Taylor and F. Wardell Taylor, trading as B. F. Taylor & Co.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Sci. fa. sur mechanics' liens.

Robert Christy, a builder, entered into a contract with appellants, Murphy and Williams, jointly, for the erection of a house for each upon adjacent lots which they respectively owned.   Christy defaulted, and the persons who had been employed by him, or from whom he had purchased materials, filed their liens.   The amount of these liens would exceed the contract price.

The substance of the affidavits of defence which were filed appears by the opinion of the Supreme Court.

The court below made absolute a rule for judgment for want of a sufficient affidavit of defence in each case, and defendants appealed.

*Errors assigned* were (1) entering judgment; and (2) not discharging the rule.

*E. Spencer Miller,* for appellants, relied upon Schroeder v. Galland, 134 Pa. 277, and Murphy v. Morton, 139 Pa. 345.

To have taken up and specified the defects of each article in detail in the affidavit of defence would have required the skill and experience of a mechanic, as well as have swollen the affidavit to a voluminous size.   An affidavit of defence must state the facts with reasonable precision : Kaufman v. Cooper Iron Co., 105 Pa. 537.

*Joseph J. Broadhurst*, for appellees.—The material man is entitled to be paid whatever the materials furnished are reasonably worth, and if any loss is sustained, the owner has his remedy on the contract against the contractor. In the case of sale of the premises by the sheriff, provision is made, in case the property will not pay the liens in full, that they shall be averaged. Mechanics and material men cannot be cut out by the contractor undertaking to build a house for less than it is worth: Act of June 22, 1836, sec. 22, P. L. 699; Odd Fellow's Hall v. Masser, 24 Pa. 510.

The affidavits do not exhibit the elements of a substantial defence. There is entirely too much left for inference: Lord v. Ocean Bank, 20 Pa. 384; Twitchell v. McMurtrie, 77 Pa. 383; Peck v. Jones, 70 Pa. 83; Kaufman v. Mining Co., 105 Pa. 537; Griel v. Buckius, 114 Pa. 187; Noble v. Kreuzkamp, 111 Pa. 68; Gould v. Bush, 13 W. N. C. 29.

OPINION BY MR. JUSTICE WILLIAMS, April 11, 1892:

The plaintiff furnished lumber and manufactured woodwork, for the erection of defendant's dwelling-house, on the order or direction of Christy, the contractor. The mechanics' lien, on which the writ of scire facias in this case issued, was entered for the amount of material so furnished. The defendant interposed an affidavit of defence, in which several reasons were urged as sufficient to prevent the entry of a judgment and carry the case to a jury for trial. These may be stated as follows:

1. That the house was erected under a written contract, in which Christy was bound to provide all material and labor, and complete the house, for the sum of $3,750, to be paid when the building was finished; that he did not finish it, and, for that reason, nothing was due to him, or to a subcontractor under him.

2. That the aggregate amount of the liens entered against the building, together with the cost of completing it, would exceed the contract price, and that the liens, if sustained, should abate proportionably, in order to bring the total cost down to the contract price.

3. That no liens could be entered, under the express stipulations of the contract with Christy, the builder.

4. That the material furnished was not such as the contract

required, and, in consequence of its defective character, the house was worth $125 less than it otherwise would have been, for which sum, at least, there was a good defence.

It is urged that the principle announced in Schroeder v. Galland, 134 Pa. 277, is broad enough to cover all the propositions contained in the affidavit, and makes a reversal of the judgment entered in the court below necessary. In Weaver v. Sheeler, 118 Pa. 634, we held, that all persons furnishing labor or materials for the erection of a building were bound to take notice of the title of the apparent owner. If he was an intruder without right the lien of contractor and subcontractor must alike fall. If he held an equitable title only, the lien would bind such title as he had, and no more. In Schroeder v. Galland, we went a step further, and held that, where the contractor had stipulated that no lien should be filed, he could not confer a right upon his subcontractor that he did not possess. The contract between the owner and the contractor is the source from which the right of the subcontractor is derived, under the provisions of the law, and it is self-evident that a stream cannot rise higher than its source. The agreement of the builder, to provide all the labor and materials for the erection of a building, and look for his security solely to the personal responsibility of the owner, leaving the building unincumbered by liens, is a valid and binding one. It violates no rule of public policy. A statute that should disregard its obligation, and authorize the entry of a lien for work or materials, in violation of its terms, would seem to be within the prohibition of the constitution, art. I, § 17, which declares that no law impairing the obligation of contracts shall be passed. It might also be within the limitation on the powers of the several states, found in art. I, § 10, of the constitution of the United States. We are thoroughly satisfied, therefore, with Schroeder v. Galland, and our only inquiry is, whether this case falls within the rule there laid down.

The third ground of defence, stated in the affidavit, puts the case in the precise condition of Schroeder v. Galland, but, on turning to the clause in the contract relied on to raise the question, it will be seen that it is insufficient. It contains the express promise of the contractor, " to release and discharge the said houses from the operation of all liens, either for ma-

terials furnished, or work done in the construction of the same."
This is not a waiver of the right to enter a lien, or a covenant
that none shall be entered. It is merely a promise to "release
and discharge" such liens as may be entered, prior to the day
when payment in full shall be made to the contractor. He
cannot demand the payment of the balance due upon his con-
tract, until he has performed the undertaking to release and
discharge the liens that may have been entered against the
building. This does not fall within the rule invoked. Neither
do the first and second grounds of defence.

It would be unreasonable to require one who was called on
to furnish material for the foundation or walls of a house to
anticipate the cost of all the materials to be furnished by others,
and of all the labor to be done, in order to the full completion
of the structure. He can know, and he must take notice, as
we have seen, of the title of the apparent owner, and of the
general character of the agreement under which the contractor
is proceeding to build. He can know, and must take notice
of, the general character of the building, and of the materials
and labor proper to be used in its construction. He must see
to it that the materials he supplies are such as may be rea-
sonably needed for and used about such a building, both as to
their quantity and quality; but here his responsibility ends.
Subject to these qualifications and conditions he may bind the
building for what his materials or labor may be reasonably
worth.

This brings us to the last position taken by the defendant,
viz.: that he is entitled to set off the sum of $125 upon the
plaintiff's demand, for the reason that the materials were not
such as the contract required. The only provision in the con-
tract on which this averment can rest, is that which follows:
"The construction, workmanship and materials furnished, are
to be similar to that used and performed in the construction
of house No. 139 Lafayette street, Germantown." The ma-
terials furnished by the plaintiff included doors, sash, shutters
and ornamental woodwork, as well as flooring, shingles, joists
and other rough lumber, amounting in the aggregate to nearly
$900. If the affidavit had alleged a deficiency in the quality
of the doors, or any other portion of the materials furnished,
as compared with similar materials used in No. 139 Lafayette

street, a different question would have been raised. As it is, the allegation of a deficiency in quality relates to the materials generally, and the extent of the deficiency is measured, not by a difference in the value of the articles furnished as compared with those contracted for, but by an alleged difference in the value of the house as a whole, on account of defectiveness in the material generally. The court below was right in treating this averment as altogether too general.

Judgment affirmed.