(16 Misc. Rep. 525)

### MATTHEWS v. YOUNG et al.

(Supreme Court, Special Term, Erie County. April, 1896.)

MECHANICS' LIENS—WAIVER.

A covenant in a building contract that the contractor "shall file or place no liens on the above-described buildings for work herein contracted for" is a waiver of any right to a lien, and it is immaterial that the owner failed to make payments at the times mentioned in the contract, as the covenant is an independent one.

Action by John A. Matthews against John J. Young and John H. Pardee to foreclose a mechanic's lien.

William L. Jones, for plaintiff.
Petrie, Timmerman & Pardee, for defendant Pardee.

WOODWARD, J. The plaintiff is a carpenter and contractor. The defendant Young was the owner of a lot in the city of Buffalo, upon which he was, in the summer of 1895, erecting three houses. In December, 1894, the plaintiff and the defendant Young entered into a written agreement, by which the plaintiff agreed to do the carpenter work on each of the three houses for the stipulated price of $1,387.50, and the defendant Young was to furnish the material. The work was to be completed by the 1st day of April, 1895. The times of payments are stated in the contract, the last payment to be made when the houses were completed. On the 1st day of May, 1895, Young conveyed one of the lots, on which the house last completed was erected, to the defendant Pardee, and the deed was recorded in Erie county clerk's office, June 17, 1895. On the 31st day of July, 1895, the plaintiff attempted to place a mechanic's lien on the building last completed, claiming there was due and unpaid on the contract, that day, the sum of $280.08 for work and labor which he had done. The property described, upon which the plaintiff sought to fix a lien, was the part of the lot upon which the house last completed stood. The statute under which the lien was filed is chapter 342 of the Laws of 1885. For the purpose of disposing of this case the fact is found that, when the notice of lien was filed, there was due and unpaid the plaintiff from the defendant Young, upon the contract entered into between those parties, the sum of $50 and upwards, and some of the labor done by the plaintiff upon the house and lot sold to the defendant Pardee was after the latter received his deed, and was done with his knowledge and consent. The defendant Young made default, and did not answer.

In disposing of the case, it is unnecessary to examine with close attention the evidence bearing on the questions whether the work was done and performed according to the terms of the contract, and whether the plaintiff was delayed because the defendant Young did not supply the material so the work could be completed within the time mentioned in the contract. Both of those questions are, pro forma, determined in the plaintiff's favor for all the purposes of this action. At the time of making the agreement, and as one of the terms of the same, the plaintiff entered into a covenant with the defendant Young, stipulating that he would not place on file any lien on the buildings for the work and labor he was to perform. The covenant is in these words: "It is also agreed and expressly understood that the party of the first part shall file or place no liens on the above-described buildings for work herein contracted for." This is a plain and independent covenant, one which the plaintiff had the right to make, and all interested parties may demand of him its strict observance; and, as a matter of law, the plaintiff never had any lien, as provided by the statute in his favor, against the defendant Young, or his grantee, the defendant Pardee. It is a familiar principle that a party of full age, acting in his own right, can waive a statutory or even a constitutional provision in his own favor, simply affecting his property or alienable rights, and not involving considerations of public policy. Phyfe v. Eimer, 45 N. Y. 104, and the cases there cited. In other cases the same proposition is briefly and tersely stated as follows: "A party may waive any right, created by statute, intended for his benefit and advantage." Tombs v. Railroad Co., 18 Barb. 585; Buell v. Trustees of Lockport, 3 N. Y. 197. The statutory provision allowing a contractor to place a lien on buildings upon which he has done work as a security for his payment is clearly intended to protect the contractor against the insolvency of the owner, or his neglect to pay the contractor for his work and labor according to the terms of the agreement. The rule that a party may release a statutory remedy created for his benefit and to protect him in his rights has been frequently applied and enforced where a contractor or material man has waived his right to resort to the statutory provisions allowing a mechanic's lien to be placed on the property. In Scheid v. Rapp, 121 Pa. St. 593, 15 Atl. 652, the contractor covenanted, "for himself, his heirs, executors, and administrators, that he will not suffer or permit to be filed any mechanic's lien or liens against any of the said buildings for the period of six months after its completion"; and the court held that the effect of such a covenant was to waive the right to file or authorize a lien to be filed in his own favor. The case of Long v. Caffrey, 93 Pa. St. 526, is to the same effect. The authorities on the question of waiver are collected in 15 Am. & Eng. Enc. Law, p. 104, where it is stated that "the right to mechanic's lien for labor or material furnished for the erection or labor on a building may be waived by an agreement either expressed or implied." See, also, Bowen v. Aubrey, 22 Cal. 566.

The suggestion of the counsel for the plaintiff that the covenant

not to file lien did not apply, and did not restrain the contractor after the owner had failed to perform the stipulations to pay for the work and labor at the time mentioned in the contract, cannot be recognized as sound; for the covenant is an independent one, continuous and unconditional. It is manifest that in this case the owner exacted this covenant that he might be able to sell all or either one of the houses before they were completed, and give the purchaser title exempt from a mechanic's lien. It will be observed that the covenant was specific that the contractor would not, for himself, put a lien upon the buildings, which he has sought to do in violation of his promise.

As to the defendant Pardee, the plaintiff's complaint is dismissed upon the merits, with costs and disbursements the same as are allowed in civil actions in this court. As against the defendant Young, who made default, the plaintiff is at liberty to proceed and enter up such judgment against him as he is advised he may be entitled to. See section 15, c. 342, Laws 1885.

Ordered accordingly.