Argued 5 July, decided 31 July, 1905.

### GRAY *v.* JONES.

81 Pac. 813.

MECHANIC'S LIEN — WAIVER BY BUILDING CONTRACT.

1. Covenant of the contractor in a building contract that he will not allow "any lien or liens to be filed," and "that the said building and premises * * shall be at all times free from any and all liens," is a waiver of the contractor's own right to claim a lien.

BUILDING CONTRACT — SUBSTITUTION OF NEW CONTRACT BY CHANGES, SUBSTITUTIONS, AND OMISSIONS.

2. A building contract providing that alterations and additions may be made to the building during the progress of the work when requested by the owner, without affecting the validity of the contract, the value of the changes to be added to or deducted from the contract price, is not abandoned, and a new contract substituted in its place, merely because during the work it is mutually agreed that the plans and specifications shall be changed, and certain parts of the contract waived.

From Marion: WILLIAM GALLOWAY, Judge.

Mechanic's lien suit by John Gray against M. L. Jones and wife, wherein plaintiff was decreed a small sum.

REVERSED.

For appellant there was a brief with oral arguments by *Mr. William Marion Kaiser* and *Mr. Woodson Taylor Slater.*

For respondent there was a brief with oral arguments by *Mr. George Greenwood Bingham* and *Mr. Peter H. D'Arcy.*

MR. JUSTICE BEAN delivered the opinion of the court.

This is a suit to foreclose a mechanic's lien. On March 25, 1903 the plaintiff agreed to furnish all the labor and material necessary for the construction and completion of a frame dwelling house, with cement basement, for defendant, according to certain plans and specifications, for the sum of $4,150. The contract stipulated that alterations and additions might be made to the building during the progress of the work when requested by the defendant, without in any way affecting the validity of the contract, but the fair and reasonable value thereof should be added to or deducted from the contract price, as the case might be.

The contract contained this clause:

"The party of the first part will save the party of the second part free and harmless from the payment of any and all liens which may be enforced on account of any material furnished or labor performed on said building and premises, or any part of either thereof; and the said party of the second part further covenants and agrees that he will not allow any laborer's, mechanic's, materialman's, or any lien or liens to be filed against the said building and premises, or any part of either thereof, and, further, that the said building and premises and every part of either thereof shall be at all times free from any and all liens."

Certain alterations and changes were made, for which plaintiff charges $2,582.15. The defendant paid the contract price in full and $1,465.16 on the extra work, which he claims is a fair and reasonable value for all that was ordered or requested by him or done by his authority. The plaintiff filed a mechanic's lien on the building for $1,117.05, the balance alleged to be due him, and subsequently brought this suit to foreclose it. The defendant pleads, among other matters, the covenant in the contract against liens as a bar to this suit, and the effect of such

covenant is the only question necessary to consider on this appeal.

1. The statute (B. & C. Comp. § 5640) giving a mechanic, laborer, materialman, or contractor performing labor upon or furnishing material to be used in the construction of a building a lien on such building for the labor done or material furnished, confers a privilege upon the persons named, which they may waive, and any contract or agreement inconsistent with the existence of the lien is deemed such a waiver. As said by the Supreme Court of Maryland : "It [the lien] is brought into operation by the established law of the land, and, in the absence of special arrangements to the contrary, parties are presumed to have contracted for work and materials with reference to this law. But no statute will be so construed as to prohibit the formation of contracts not in conflict with public policy. If, therefore, parties deem it advisable to enter into an agreement inconsistent with the existence of a lien, the statute will not be construed to operate so as to create a lien and thereby destroy the special contract": *Willison* v. *Douglas*, 66 Md. 99 (6 Atl. 530). Thus a surety on a contractor's bond to protect a building against liens cannot himself enforce a lien for material furnished by him, unless he has been released from his obligation by the owner, because it would be inconsistent with his contract for him to do so : *Hand Mfg. Co.* v. *Marks*, 36 Or. 523 (52 Pac. 512, 53 Pac. 1072, 59 Pac. 549); *Spears* v. *Lawrence*, 10 Wash. 368 (38 Pac. 1049, 45 Am. St. Rep. 789.) So, too, a covenant of a contractor to keep a building free from liens is a waiver of the right to file or cause to be filed a claim for lien in his own favor: 2 Jones, Liens (2 ed.), § 1500 ; Phillips, Liens, § 272 ; Boisot, Mech. Liens, § 744; *Long* v. *Caffrey*, 93 Pa. 526 ; *Scheid* v. *Rapp*, 121 Pa. 593 (15 Atl. 652); *Taylor* v. *Murphy*, 148 Pa. 337, 340 (23 Atl. 1134, 33 Am. St. Rep. 825); *Pinning* v. *Skipper*, 71 Md. 347

(18 Atl. 659). "The agreement of the builder to provide all the labor and materials for the erection of a building," says the Supreme Court of Pennsylvania, "and look for his security solely to the personal responsibility of the owner, leaving the building unincumbered by liens, is a valid and binding one. It violates no rule of public policy. A statute that would disregard its obligations and authorize the entry of a lien for work or materials in violation of its terms, would seem to be within the prohibition of the constitution, Art. 1, § 17, which declares that no law impairing the obligation of contracts shall be passed": *Taylor* v. *Murphy*, 148 Pa. 337 (23 Atl. 1134, 33 Am. St. Rep. 825). Now, the covenant of the plaintiff is that he will not allow "any lien or liens to be filed," and "that the said building and premises, and every part of either thereof, shall be at all times free from any and all liens"; and under the authorities cited this constitutes a waiver of his right to file a lien.

2. It was suggested, rather than argued, that the original contract had been abandoned, and a new one substituted in its place; but this is contrary to the pleadings, the proof, and the lien claim as filed by the plaintiff. The complaint alleges a contract between the plaintiff and defendant, by the terms of which the plaintiff agreed to furnish all the labor and material necessary for the erection and completion of a frame dwelling house for the defendant, the completion of such contract, and the performance of the extra work thereunder, without setting out its terms in detail. The answer does so, however, and pleads as a defense certain covenants therein. The reply denies the allegations of the answer, and avers affirmatively that soon after the work was commenced it was found that the plans and specifications were so defective that the building could not be constructed in accordance therewith satisfactorily to the defendant, and it was there-

fore mutually agreed at his request that plaintiff should proceed with the construction and completion of the building as modified and changed by him, and as the same might from time to time, as the work progressed, be modified and changed, and that certain parts of the contract should be waived. There is no averment, however, that the original contract was abandoned, and a new one substituted, or that the work was performed under any other or different contract than the one originally entered into between the parties. The changes, alterations, and additions to the work were provided for in the contract, without impairing its validity, and are deemed for the purpose of the mechanic's lien law as a part of the original contract: 20 Am. & Eng. Enc. Law (2 ed.), 361; *Hobkirk* v. *Portland Baseball Club,* 44 Or. 605 (76 Pac. 776).

The plaintiff testified that about the time the work was commenced the defendant said to him that he wanted a good building, and was willing to pay for it; but that whenever it was found necessary to make any changes or additions as the work progressed he consulted the defendant, "and he always directed me what to do." The lien as filed affirms and is based upon the original contract. There is no room, therefore, for the contention that the original contract was abandoned, and a new one substituted; and, as the plaintiff's contract is a waiver of his right to file a lien, it follows that the decree must be reversed, and the complaint dismissed, and it so ordered.

REVERSED.