## Hallowell v. Hoey, Appellant.

*Affidavit of defense—Contract—Building contract—Deficiency in quality of materials.*

In an action on a building contract in writing, an affidavit of defense is insufficient which sets up a prior verbal agreement in conflict with the written agreement; which does not state the cost of remedying the alleged defects; or how much less the buildings are worth because of them.

Submitted Feb. 3, 1908. Appeal, No. 74, Jan. T., 1907, by defendant, from order of C. P. Montgomery Co., Oct. T., 1906, No. 47, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Richard T. S. Hallowell v. Mary C. Hoey. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit on a building contract.

Rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

J. V. Gotwalts and Henry Freedley, for appellant.

William F. Meyers, for appellee.

PER CURIAM, March 2, 1908:

This action was to recover on a written contract to build three houses and for extra work alleged to have been done under a verbal agreement. It was averred in the affidavit of defense that the defendant asked the plaintiff for a proposal to build three houses like a row of houses he had built for her husband, Daniel J. Hoey, except that her houses were to have basement kitchens; that they were to be built independent of the neighboring properties; and that no plans entered into the contract; that the plaintiff built foundation walls upon only three sides of the houses, and used old timbers taken from torn down houses in their construction; and that in consequence of his default the houses were worth only $1,800. Other parts of the affidavit of defense were held to be sufficient to prevent judgment for the extra work, but judgment was entered for the contract price for the reasons stated in the opinion of the court: " The written contract attached to the plaintiff's statement, and the execution of which is admitted by the defendant, makes no mention of walls or houses of Daniel J. Hoey. The affidavit is insufficient to prevent judgment for this part of the claim for the following reasons: It sets up a verbal agreement prior to the written agreement, which latter is self-explanatory; there is no allegation of fraud, accident or mistake in the execution of the written agreement; it does not claim that the houses were not like the row built for Daniel J. Hoey, nor does it state the value of the desired wall— what it would cost to construct it or how much less the houses are worth without it; and does not give the depreciation because of the use of old materials, etc. An analogous case is found in Taylor v. Murphy, 148 Pa. 337, where it was held that ' affidavit of defense to a scire facias on a mechanic's lien which set forth that the materials furnished were not such as the contract required, and in consequence of its defective char-

acter the house was worth one hundred and twenty-five dollars less than it otherwise would have been, and claimed a defense to that amount ' was too general to prevent judgment."

The judgment is affirmed.