COLLINSVILLE MFG. CO. v. STREET et al.
(No. 1191.)

(Court of Civil Appeals of Texas. Amarillo. June 6, 1917. Rehearing Denied June 27, 1917.)

1. CONTRACTS ⟨Key⟩252—BUILDING CONTRACT—RESCISSION—EVIDENCE.

Where, when the financial embarrassment of a building contractor was made known to a subcontractor, it acquiesced in the advice of the contractor to quit work until the outcome of the matter should be known, and made no express declaration of an election to rescind the contract, although prior installments under the contract had not been paid, such acts did not indicate that either party considered the contract as being at an end.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1145.]

2. CONTRACTS ⟨Key⟩252—BUILDING CONTRACT—RESCISSION—EVIDENCE.

Where, upon the appointment of a receiver for an insolvent building contractor, the re-

ceiver and a subcontractor entered into a new contract to finish the work, but the subcontractor made no claim that the old contract had been forfeited, and after the execution of the new contract filed a sworn account and had it recorded in the mechanic's lien records, but did not include in this account, filed in an attempt to fix its lien, an itemized statement of the material and labor furnished, or of the reasonable value thereof, independent of the contract, but debited the contractor with the amount due "as per original contract," and credited it with the sums received from the contractor and from the receiver on the new contract, and stated in the affidavit that the material and labor were furnished "to said [contractor] under and by virtue of the contract between [subcontractor] and [contractor]," and bases suit upon compensation fixed in the old contract, an intention to absolutely rescind the old contract was not indicated, but the evident intention was a mutual abandonment of further performance thereof, which would leave the rights of the parties already accrued under it to be determined by its terms, and subcontractor may not recover on quantum meruit.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. § 1145.]

3. Mechanics' Liens ☞208—Time of Attachment—Contract Waiving Lien.

In view of Rev. St. 1911, art. 5622, which provides for the filing of the contract under which the material was furnished and the work done, or, in the absence of a contract, an itemized statement of the account, within a stated period after the indebtedness shall have accrued, where, in a contract with a building contractor, a subcontractor expressly waived and released any lien for labor performed or material furnished under the contract, in an action on quantum meruit, alleging a rescission of the contract by the subcontractor, he would not be entitled to a mechanic's lien on the property, since, although, when full performance of a contract is prevented by the wrongful act of one of the parties after partial performance by the other, the party not in default may either sue on the contract or proceed as if there had been no contract, and recover the reasonable value of the services performed, if at the time the material and labor is put into the building no lien exists, then no subsequent acts of third parties could thereafter create such a lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 382.]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by the Collinsville Manufacturing Company against G. C. Street, Jr., receiver of the bankrupt estate of Fred A. Jones Building Company, and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Glover C. Johnson, of Ft. Worth, for appellant. Alex F. Weisberg, Thompson, Knight, Baker & Harris, and Thomas, Milam & Touchstone, all of Dallas, for appellees.

BOYCE, J. This suit was brought by appellant, Collinsville Manufacturing Company, against G. C. Street, Jr., receiver of the bankrupt estate of the Fred A. Jones Building Company, and the Southern Methodist University, to recover of the said bankrupt estate a balance due for labor and material furnished by the Collinsville Company as subcontractor, to the Fred A. Jones Company, original contractor, in the erection of a building known as the Dallas Hall for the Southern Methodist University. The appellant also prayed for judgment against the Southern Methodist University for foreclosure of mechanic's lien against said property. The Fred A. Jones Building Company as original contractor for the erection of said building, entered into a written contract with the Collinsville Company, whereby said company was to furnish and erect the sheet metal work and copper roofing therefor. The contract provided for payment monthly during the progress of the work, of 85 per cent. of the value of the work done and material furnished during each preceding month upon certificate of the Fred A. Jones Company's general superintendent and satisfactory evidence that the premises were free from liens for material and labor chargeable to the Collinsville Company. By this contract the said Collinsville Company expressly waived and released any lien for labor performed or material furnished under the contract. The Collinsville Company proceeded with the performance of this contract until the institution of bankruptcy proceedings against the Jones Company. The testimony tended to show that for several months prior to the bankruptcy proceedings against the Jones Company the Collinsville Company had not been paid the full 85 per cent. of the value of the labor and material furnished under its contract during the preceding months. On the day before the filing of the bankruptcy proceedings against the Jones Company, the manager of the Collinsville Company, having been advised that the Jones Company was in financial difficulties, had a conference with the representative of said company, the result of which was that the Jones Company's representative advised the Collinsville Company to quit work on the job for a few days, until the Fred A. Jones Company's difficulties could be cleared up, or until advised to start again. The Collinsville Company thereupon suspended work and had its employés cover up the material, etc., so as to preserve the same, and the building, until work should be resumed. On the day after this conference involuntary bankruptcy proceedings were instituted against the Fred A. Jones Company, wherein it was adjudged a bankrupt and the appellee Street was appointed receiver. A few days after the appointment of the said Street as receiver, he and the Collinsville Company made a new contract for the finishing of the work which was to have been done by the Collinsville Manufacturing Company under its original contract, and the receiver paid the said company for the material and work done in finishing the contract. The court, trying the case without a jury, found the facts as substantially stated above, and that there was a balance due the Collinsville

Company of $2,483.23, for labor and material furnished on the original contract, for which amount judgment was accordingly entered against said bankrupt estate, but appellant's prayer against the Southern Methodist University for foreclosure of a mechanic's lien was denied.

[1] The only question on this appeal is as to the action of the court in denying appellant a foreclosure of a mechanic's lien on the property on which it worked. Appellant's position is that the contract was breached by the failure of the Jones Company to pay it the monthly estimates of the amount due on its contract and by the direction to quit work, and that it thereupon had the right to treat the contract as rescinded and recover on quantum meruit for the value of the material and labor furnished, and in such a suit the party breaching the contract could have no benefit of any of its provisions, and hence it could not be set up to defeat the lien which the law gave appellant. In the consideration of the question it is first necessary to decide as to the effect on the contract of the acts of the parties as above set forth. There was never any express declaration on the part of the Collinsville Company that it elected to rescind the contract by reason of the acts which it alleged constituted a breach thereof. If the failure to pay an installment when due, or the direction to cease work temporarily, constituted such a breach as would authorize appellant to terminate the contract, it could waive this right, if it saw fit to do so. All of appellant's actions prior to the appointment of the receiver were inconsistent with a determination on its part to terminate the contract; for when the embarrassment of the Jones Company was made known to it, and said company advised appellant to quit work until it became known what would be the outcome of the matter, appellant acquiesced in this suggestion, so that we do not think it can be concluded that the contract was then considered as being at an end by either party to it.

[2] Upon the appointment of a receiver, when the new contract was entered into between him and appellant for finishing the work, there was still no express claim on the part of the appellant that the old contract had been forfeited. Appellant's manager simply testified that the receiver was willing to make a new contract, and the matter was handled in that way, as he preferred that arrangement. This, we think, indicates not an intention to absolutely rescind the old contract and annul its terms as governing rights already accrued under it, but merely evidences a mutual abandonment of further performance thereof, which would leave the rights of the parties already accrued under it to be determined by its terms. Alabama Oil & Pipe Line Co. v. Sun Co., 99 Tex. 606, 92 S. W. 253, and authorities there cited. The subsequent acts of appellant are in accord with this conclusion. Appellant, after the execution of the new contract with the receiver, filed a sworn account and had it recorded in the mechanic's lien records, but did not include in this account, which it filed in the attempt to fix its lien, an itemized statement of the material and labor furnished and of the reasonable value thereof, independent of the contract, but simply debited the Jones Company with the amount due "as per original contract," and credited it with the sums received from the Jones Company and from the receiver on the new contract, and stated in the affidavit that the material and labor were furnished "to said Fred A. Jones Building Company under and by virtue of its contract between said Collinsville Manufacturing Company and said Fred A. Jones Building Company." No itemized statement of such material and labor, and the value thereof, independent of the contract, was contained in the pleading or proof of the Collinsville Company, but the recovery was based on compensation fixed by the contract. The court below made no express finding as to whether the contract was breached by the Jones Company and rescinded on such account by the Collinsville Company, and under the facts stated we do not think that the appellant may properly treat the recovery herein as being on the quantum meruit.

[3] But, even if the contract had been treated by appellant as being breached and ended, and he had proceeded to recover strictly on the quantum meruit, we are inclined to think that it still would not be entitled to a mechanic's lien on the property of the Southern Methodist University. It is true that, when full performance of a contract is prevented by the wrongful act of one of the parties after partial performance by the other, the party not in default may either sue on the contract or proceed as if there had been no contract and recover the reasonable value of the service performed. Hearne v. Garrett, 49 Tex. 619; Davidson v. Laughlin, 138 Cal. 320, 71 Pac. 345, 5 L. R. A. (N. S.) 584, note; 5 Corpus Juris, 1388. But we doubt whether these principles can properly be applied to the situation created by the facts in this case. The existence of a mechanic's lien relates to the time of the furnishing of the material or doing the work. While the law provides for the filing of the contract under which the material was furnished and the work done, or, in the absence of a contract, an itemized statement of the account, within a stated period after the indebtedness shall have accrued (R. S. art. 5622), such compliance with the law merely fixes the lien which was created by law at the time the material and labor went into the improvement, and the lien relates back to such time. Trammell v. Mount, 68 Tex. 210, 4 S. W. 378, 2 Am. St. Rep. 479; Keating Imp. & Machine Co. v. Marshall Electric Light & Power Co., 74 Tex. 605, 12 S. W.

489; Warner Elevator Mfg. Co. v. Maverick, 88 Tex. 489, 30 S. W. 438, 31 S. W. 353, 499. Now, at the time the material was furnished and the work done by appellant, it was proceeding under a contract which the article of the statute above referred to contemplated it would file, and which expressly waived the lien. Therefore no lien was created on the property of the appellee Southern Methodist University at such time. Any lien on said property, created by transactions between the Jones Company and the Collinsville Company, in order to have any validity, must necessarily be a creature of law, as such parties could not, by agreement, create a lien on the property of a third person. It seems to us that, if at the time the material and labor is put into the building no lien exists, then no subsequent acts of third parties could thereafter create such a lien. The authorities are numerous to the effect that a mechanic's lien may be waived. Pope v. Graham Co., 44 Tex. 199; 27 Cyc. 261; Jones on Liens, § 1500; Rockell on Mechanics' Liens, 173. And there are also authorities holding that, if the lien is once waived, it cannot be revived. 27 Cyc. 266; Center Creek Mining Co. v. Coyne, 164 Mo. App. 492, 147 S. W. 148; Matthews v. Young, 16 Misc. Rep. 525, 40 N. Y. Supp. 26; Gray v. Jones, 47 Or. 40, 81 Pac. 813.

These conclusions result in overruling all of appellant's assignments, and the case will be affirmed.

HALL, J., not sitting.