### VERSCHOYLE et al. v. HOLIFIELD et al.
### No. 8237.

Court of Civil Appeals of Texas. Austin.
Dec. 18, 1935.

Rehearing Denied Feb. 19, 1936.

Moody & Robertson, of Austin, for appellants.

Rice, Hyman & Suggs, of Dallas, for appellee Col-Tex Refining Co.

F. W. Heinson, of Houston, and Cofer & Cofer, of Austin, for appellee and cross-appellant Gulf Refining Co.

Herbert W. Whisenant, of Dallas, for appellees Dunlap-Swain, Inc., and A. L. Holifield.

Dibrell, Mosheim & Campbell, of Seguin, for appellee John W. Goodrum.

Cofer & Cofer, of Austin, for appellee and cross-appellant Atlas Metal Works.

Cofer & Cofer, of Austin, for appellee and cross-appellant Panther Oil & Grease Co.

Marion J. Levy, M. L. Cook, and Levy & Levy, all of Galveston, for appellee American Indemnity Co.

Witt, Terrell & Witt, of Waco, and Rice, Hyman & Suggs, of Dallas, for appellee Ogborn Co.

Sullivan & Wilson, of Dallas, for appellees Geo. A. Brisson, Jr., and W. T. Youngblood.

James R. Boyd, of Austin, for appellees J. R. Alley, Allis-Chalmers Mfg. Co., W. Y. Benge & Son, A. V. Brauer, D-A Lubricant Co., D. L. Hogan, Lowe Hardware Co., L. A. Murdoch, S. E. Riggs, O. T. Higgins, C. L. McGinley, D. C. Durham, L. L. Bright, Sparkman & Stone, J. C. Reed, Mrs. Lena Findt, Bill Ireland, Ike Ireland, Jim McCollum, N. L. Douglass, Roy Martin, Chas. Holster, M. W. Smith, J. J. Langford, J. R. Alley, Z. J. Phillips, and D. A. Neel.

BAUGH, Justice.

This case arose as follows: On August 29, 1931, the highway commission entered into a contract with Dozier Construction Company to construct a designated highway in Sterling county at a cost to the state of $112,794.97. The Dozier Construction Company executed the statutory bond to guarantee its performance of such contract. Subsequent thereto the Dozier Construction Company sublet the entire project to R. B. Holifield, retaining to itself 9 per cent. of all moneys to be paid by the state under its contract, and assigning the remaining 91 per cent. of the contract price to Holifield, who assumed all obligations and agreed to pay all expenses incurred in the completion of the project. Holifield in turn executed a bond to Dozier Construction Company, with the Public Indemnity Company as surety. This bond was executed by B. M. Bates as attorney in fact for said company in Texas, through the office of C. H. Verschoyle, who was then its state agent, who had a 10 per cent. interest in the underwriting profits of said company in Texas, and who was personally interested in seeing that Holifield performed his subcontract without loss to such surety company. In addition to this interest, it appears that Verschoyle had failed to seasonably report to his company the execution of such bond, as he was required to do, and was fearful that because of that fact he might himself be held personally liable thereon.

In May, 1932, Holifield encountered financial difficulties and was about to default on his contract. Thereupon Verschoyle and other creditors of Holifield advanced to Holifield various sums of money and otherwise assisted him in completing such road project, paid numerous claims against him under an oral agreement with Holifield that they would be subrogated to the rights of his creditors against all funds due him. At the time of the completion of such project, the highway department was withholding $18,731.10 of the contract price which included the percentage retained under the statutes, and sums retained because of claims filed with it by laborers and materialmen. The Gulf Refining Company for itself and on behalf of other creditors, brought this suit on its claim against Holifield for its debt and against the highway commission for a distribution of the funds retained by it. Numerous other creditors intervened. The highway commission tendered into the registry of the court the funds held by it to be distributed as the court might decree. The pleadings of the various claimants and interveners sought additional relief which will be noted, in so far as pertinent to this appeal, in the discussion of the issues raised. Some of the claimants sought additionally a personal judgment against Verschoyle. Verschoyle and Bates sought recovery against Holifield, against the receiver of Dozier Construction Company, which had become insolvent, and the surety on its bond, for the moneys paid out by them for Holifield; asked to have their claim established as a lien upon the funds retained by the highway commission, and sought to participate in the distribution thereof. Judgment was rendered establishing numerous claims of plaintiff and interveners against Holifield and the Dozier Construction Company and prorating the retained fund amongst them, but denying to Verschoyle and Bates any participation in such fund, from which judgment Verschoyle and Bates have appealed. Some of the appellees filed cross-assignments, but these have been subsequently dismissed by them and need not be considered here.

■ The first and major contention made by Verschoyle is that because he had advanced moneys to Holifield to enable him to perform his contract, had taken an assignment from Holifield of funds due and to become due him from Dozier Construction Company, and had an agreement with

Holifield that he should be subrogated to the rights of the laborers and materialmen whom he had paid, and that he should stand in their shoes, he was entitled to assert his claim as a lien against the fund retained by the highway commission, and to participate in the distribution of same. This he was denied by the trial court. This contention is not sustained.

It is admitted that Verschoyle had no personal liability in connection with Holifield's contract. His interest was in the profits of the surety company he represented which had executed Holifield's bond, injury to his business in case Holifield should default, and a fear that because of his own failure to promptly report such bond to his company, he might be held personally liable thereon. All of these grounds, however, were purely personal to him, and none of them would impose any legal liability upon him to answer either to the creditors of Holifield, or to Dozier Construction Company, for any default by Holifield in the performance of the latter's contract. He did not take any assignment from the laborers or materialmen whose claim he paid of their rights in the premises; but looked entirely to Holifield and the funds due Holifield on the project for reimbursement of the moneys advanced by him. Under these circumstances he was in law but a volunteer in the payment of said claims, there being no legal obligation resting upon him to do so, and he would not be subrogated to the rights of the claimants whose claims he paid to fix a lien upon the funds in question. Employers' Cas. Co. v. Rockwall County, 120 Tex. 441, 35 S.W.(2d) 690, 38 S.W.(2d) 1098; Brooks Const. Co. v. First State Bank (Tex.Civ.App.) 39 S.W.(2d) 83; Southern Surety Co. v. Sealy Ind. School Dist. (Tex.Civ.App.) 10 S. W.(2d) 786; Thurber Const. Co. v. Kemplin (Tex.Civ.App.) 81 S.W.(2d) 103.

■ Appellants next complain that the trial court's findings of certain facts relative to an agreement between Verschoyle and the Dozier Construction Company differ from those announced orally from the bench and that such findings are not supported by the evidence. The trial was to the court without a jury. No statement of facts accompanies the record, and the findings of fact were made pursuant to request therefor. Under these circumstances oral announcements of the trial court, not shown by the record, cannot be considered, and the findings of fact made by the trial court will be presumed to have had support in the evidence.

■ Appellant Verschoyle next complains of the judgment in favor of John W. Goodrum against him and Holifield for $2,250 on the following grounds: (1) That there were no pleadings to sustain it; (2) that same was not supported by the evidence.

The pleadings, briefly summarized, on this issue alleged: That Goodrum had filed with, and had approved by, the highway commission his claim against Holifield for $2,250, thus fixing a lien on funds to that extent; that Verschoyle and Bates had claims against Holifield for some $26,000 which they were endeavoring to collect; that Verschoyle induced Goodrum to accept a 90-day note executed by Holifield and its payment secured by a bond executed by the Consolidated Indemnity & Insurance Company, by Verschoyle as its agent and attorney in fact, and to release his claim filed with the highway commission; that the execution of such note and Goodrum's release of his lien were procured by the fraud of Verschoyle on both Holifield and Goodrum, in that he had no authority to represent the Consolidated Indemnity & Insurance Company, nor to execute such bond; that the power of attorney he exhibited to them authorizing him to execute such bond was a forgery; and that said bond, securing the note Goodrum was induced to accept, was void from its incipiency. The prayer was that intervener have judgment for his debt out of the claim made by Verschoyle against Holifield and for general and equitable relief. The trial court found the facts substantially as pleaded. Under these circumstances we think the pleadings were sufficient to sustain the judgment rendered against Verschoyle.

■ The trial being to the court without a jury, and there being no statement of facts, it will be presumed that the trial court did not consider incompetent evidence, even if such were admitted, but that it based such findings upon competent evidence. And if Verschoyle perpetrated a fraud upon Goodrum in the execution, as agent, of a bond that was a nullity, he would be personally liable to Goodrum for the damages resulting therefrom. 2 Tex. Jur. § 169, p. 579, and authorities there cited.

■ Appellant's next contention relates to the judgment in favor of the Gulf Re-

fining Company. The Gulf had furnished materials to Holifield to the extent of $2,-000, and not having been paid therefor filed its claim with the highway commission and fixed a statutory lien on funds in its hands to that extent. In July, 1932, Verschoyle induced it to accept a note executed by Holifield in that sum, payment of which was guaranteed by a bond executed by Verschoyle for the Consolidated Indemnity & Insurance Company, as in the Goodrum claim. The Gulf thereupon expressly released its lien on file with the highway commission to that extent, and such retained fund was thereupon paid over by the highway commission to the trustees who were but agents of Verschoyle. Thereafter Verschoyle and Bates paid to the Gulf the amount of said note which was by the Gulf assigned to them. They now claim that they were entitled to assert a lien against the funds retained by the highway commission, and tendered into court, and have allowed the amount so paid by them. There is no merit in this contention. It is now well settled that a lien of this character may be waived by a creditor. Collinsville Mfg. Co. v. Street (Tex.Civ.App.) 196 S.W. 284; 29 Tex. Jur. 588; 40 C.J. 313. The taking of a note by the materialman for the amount of his debt does not in itself constitute a waiver, but if such was his intention waiver of the lien will result. In the instant case the Gulf not only accepted Holifield's note, but required additional security thereof, and upon such security expressly released its lien. It thereby chose to look to the note and the bond securing its payment for its debt and expressly relinquished the security of its lien given by statute and which it had already fixed by filing its claim with the highway commission. There can therefore be no question as to its intention. Its lien, if not released outright, was waived as a matter of law. No right existing in the Gulf to assert such lien thereafter, Verschoyle and Bates could acquire none through assignment to them of the note and bond accepted by the Gulf in satisfaction of its claim.

■ Appellant next complains of the failure of the court to award Verschoyle judgment against Holifield for attorney's fees provided for in the note executed by Holifield to Gulf Refining Company and to Acme Wire & Iron Works, and by them assigned to Verschoyle. In Verschoyle's intervention, in addition to pleading said notes, he set out in his account, by which he sought to establish an asserted laborer's and materialman's lien on the funds paid into court, the amount of these notes and the items going to make up same. That is, he pleaded both the itemized accounts, paid by him, and the notes given by Holifield to cover such accounts or claims. Of course, he was not entitled to recover attorney's fees on the accounts, nor to recover on both the accounts and the notes. In the judgment the trial court evidently treated his pleading of the account as an election to sue thereon instead of upon the notes. Apparently the judgment in Verschoyle's favor against Holifield took into consideration the accounts pleaded, but not the notes. That being true, Verschoyle recovered judgment for his debt as pleaded, and this contention of appellant is not sustained.

■ Verschoyle next complains of the judgment in favor of the Ogborn Company against him and Holifield for $1,294.-70 for materials furnished by it and used in the construction of said road. The Ogborn Company sought judgment against both Verschoyle and Holifield. The trial court's findings of fact set out the instrument on which liability of Verschoyle was predicated. It was a written offer by said company, addressed to Verschoyle personally, to furnish the materials needed on the specified project at prices quoted, which offer was by Verschoyle accepted in writing. Whatever may have been his intention in the premises, this constituted a binding contract, sufficient to sustain the trial court's judgment against him. Holifield has not complained of the judgment as to him.

■ The only remaining question which we find it necessary to consider relates to that portion of the judgment in favor of the Col-Tex Refining Company jointly against Holifield and Verschoyle for $5,-028.42, to be credited with the prorata amount received by Col-Tex Refining Company out of the money tendered into court by the highway commission. This judgment was for asphalt furnished by said refining company after July 20, 1932, in the construction of said road. Prior to that time Verschoyle, because of financial assistance given to Holifield to prevent his default on his subcontracts, had obtained from Holifield, with the consent of Dozier Construction Company, an assignment to his agents as trustees, of all funds

thereafter due Holifield by the Dozier Construction Company. Col-Tex Refining Company, however, because of this assignment refused to furnish asphalt for the job, unless Dozier Construction Company would first pay it for such materials out of the funds released by the highway department to Dozier Construction Company, and before such funds were by it paid to Verschoyle's agents. This arrangement was agreed to by Verschoyle and by the trustees to whom Holifield had made his assignment. Verschoyle had himself also requested the Col-Tex Refining Company to deliver such asphalt under such agreement. On August 6, 1932, the highway commission, based upon estimates of that date, authorized the release of part of the state funds, and there was then issued to Dozier Construction Company a voucher for $13,593.65. On September 6, 1932, under similar circumstances, and based upon such estimates, the state issued to Dozier Construction Company another voucher for $24,149.59. Verschoyle then induced Dozier Construction Company to deliver these vouchers to him upon his agreement that he would pay the Col-Tex Refining Company out of such funds the amount due it for asphalt it had furnished. This Verschoyle failed to do, but used said money to pay other claims, leaving the Col-Tex Refining Company's account unpaid. Thereafter the Dozier Construction Company refused to pay further estimates to Verschoyle but applied funds paid to it by the state towards the payment of the Col-Tex Refining Company's account. Such funds thereafter released by the state to Dozier Construction Company were insufficient, however, to discharge the Col-Tex Refining Company's account, and when the job was completed the Col-Tex was still due the sum of $5,028.42, the amount of the judgment against Holifield and Verschoyle. If Verschoyle had paid the Col-Tex Refining Company its accounts out of the vouchers he received on August 6th and September 6th, respectively, as he agreed to do, Col-Tex Refining Company would have been paid in full. When the highway was completed and accepted by the state, both Holifield and Dozier Construction Company were insolvent.

Appellant now insists that there was no pleading of Col-Tex Refining Company that at the time he procured said vouchers from the Dozier Construction Company, it was then insolvent or in danger of insolvency; that Dozier Construction Company was primarily liable to Col-Tex Refining Company for such payment under said agreement; and that if Col-Tex Refining Company had diligently pursued its remedy against the Dozier Construction Company after September 6, 1932, it could have minimized its loss and collected most of its claim. There is no merit in these contentions. The asphalt was sold to Holifield, and its payment properly safeguarded by the agreement above outlined. It was furnished and delivered at the request of Verschoyle. Dozier Construction Company was never primarily liable for the debt. Whether Verschoyle was personally liable for payment for it or not, he agreed that it should be paid for out of a designated fund which had been assigned by Holifield to his agents as trustees, and only the remainder of such fund was to be paid to him. This agreement he admittedly breached, and his conduct in doing so constituted a fraud upon both Dozier Construction Company and upon Col-Tex Refining Company, resulting in the loss for which judgment was rendered against him and Holifield. He is not in a position, therefore, to take advantage of his own fraud by insisting that Col-Tex Refining Company should sooner have discovered it and have pursued its remedy, if any it had, against the Dozier Construction Company.

While we have not considered all of the assignments of error set out in the briefs, what we have said disposes of the controlling issues raised on this appeal. Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

██ In a motion for rehearing, appellants urgently complain of the statement in our opinion that Verschoyle "looked entirely to Holifield and the funds due Holifield on the project for reimbursement of the moneys advanced by him," on the ground that the record discloses an agreement made by appellants with Holifield, on the faith of which Verschoyle advanced further moneys, that Verschoyle and those associated with him should as to such advances for Holifield's benefit be subrogated to all the claims and rights of Holifield's creditors to fix a lien on the retained funds.

The record does disclose such agreement, but it does not, we think, materially alter the statement made. It merely indicates that Verschoyle was seeking additional security for the moneys advanced to Holifield to enable him to perform his contract. These advancements were to be repaid out of the funds released to Holifield under his contract, or that accrued under such contract. The fact remains that Verschoyle was still under no legal liability to pay Holifield's debts. He volunteered to do so, but took no assignment from Holifield's creditors of their claims or liens. That being true, the cases cited in our opinion, we think, control.

The other contentions made have been considered by us heretofore and need not be further discussed. The motion for rehearing is overruled.

Overruled.