[Filed December 6, 1887.]

ELLEN DAY, Respondent, *v.* MARGARET HOLLAND ET AL., Appellants.

Decree—Appeal—Effect Thereof.—An appeal from a decree does not break it up. Until annulled or reversed, it is binding upon the parties as to every question directly decided.

Section 514 of Hill's Code.—The effect of this section upon an action while an appeal is pending, considered but not decided.

Tort—Malice—Measure of Damages.—The usual and ordinary measure of damages in an action for a tort is that sum which will fully compensate the plaintiff for the actual injury he has sustained; but when the wrong is committed with a bad motive, or so recklessly as to imply a disregard of social obligations, or that the act was done wantonly, maliciously, or wickedly, the jury may, in their discretion, give exemplary damages.

Evidence to Rebut Malice.—Where the injury complained of is alleged to have been done maliciously, or under circumstances which would authorize the jury to give more than the actual damages, it is competent for the defendant to prove any facts which tend to show he did not act maliciously or with a bad motive.

APPEAL from Multnomah County. Reversed.

*H. T. Bingham,* and *Cornelius Taylor,* for Respondent.

*F. V. Holman,* and *A. L. Frazier,* for Appellants.

STRAHAN, J.— This is an action to recover damages for a malicious trespass on real property, alleged to have been committed in said county of Multnomah on the sixth day of October, 1886. The actual damage alleged was sixty dollars, but by reason of the alleged malice of the defendants, and the aggravated circumstances of the trespass, the plaintiff claimed damages in the sum of one thousand dollars. Upon a trial before a jury she was awarded the sum of six hundred dollars. From that judgment this appeal is taken. The cause was tried on the twenty-sixth day of February, 1887.

For the purpose of justifying their entry upon the premises in question, the defendants offered in evidence upon the trial a properly certified copy of the judgment roll, in a suit theretofore finally determined in Department No. 2 of the Circuit Court of Multnomah County, wherein Margaret Holland was plaintiff, and Ellen Day, James Day, Lizzie Day, Mary Day, and Frank Day were defendants. The final decree in said last-named suit was entered on the twenty-seventh day of September, 1886, the object of which was to quiet the title of the plaintiff to the real property upon which the alleged trespass was committed. The court by its decree found for the plaintiff as to the particular parcel of land where the injury complained of in this case was committed, and decreed that "the said defendants, and each of them, and all persons claiming through, by, or under them, be, and they are hereby forever barred of any and all right, title, estate, or interest in or to the said real estate, or any portion thereof, and are hereby restrained and enjoined forever from claiming or asserting or exercising, or attempting to exercise any right, title, or interest therein, or thereto, or in any manner interfering with the title or possession of said plaintiff in and to the said property; and that the legal title and the right to the immediate and continued peaceable possession in and to the said property is hereby confirmed, ordered, and decreed," etc. It further appeared from the said judgment roll that an appeal had been taken from said decree by the defendants to this court, and that on such appeal the undertaking was given for an appeal only. It did not appear from said judgment roll that said cause had been remanded from this court to the court below. The judgment roll was excluded, to which ruling an exception was taken, and this is the only material question presented by this appeal.

It is claimed by the appellant that this decree was competent evidence for either one of two purposes: (1) That it constituted a full and complete justification for all of the alleged trespasses charged in the complaint; or (2) that it was competent evidence to be submitted to the jury tending to negative and disprove malice. The jurisdiction of this court is appellate and revisory only. It can exercise no original jurisdiction. Article vii.,

section 6, of the Constitution vests and limits its jurisdiction in these words: "The Supreme Court shall have jurisdiction *only* to revise the final decisions of the Circuit Courts. . . . ." This *revisory* jurisdiction is exercised by means of a statutory appeal.

The same statute regulates the method of appeals in both actions at law and suits in equity. The only distinctions which it makes in the two classes of cases is, that if the appeal be from a decree, the appellant need not specify in the notice of appeal the grounds of error upon which he intends to rely, and if the evidence has been taken in writing, the cause shall be tried anew upon the transcript and evidence accompanying it. If the evidence has not been taken in writing in the court below, an equity case is re-examined here only upon the exceptions which were taken in the court below. The first question, therefore, is, what effect did the appeal have upon the decree in said cause? Was the decree in question vacated and broken up by the appeal so that it ceased to be binding upon the parties, or was its enforcement stayed pending the appeal by force of section 539 of Hill's Code, and what was the effect of such "stay," if it existed? In such a case as this, the statute has not declared the effect of an appeal during its pendency upon the decree; we are therefore compelled to examine the question on reason and authority outside of the State.

In *Dutcher* v. *Culver*, 23 Minn. 415, it was held that where the statute provides that a party may appeal, no certain inference can be drawn from the term "appeal" alone as to its effect upon the proceedings below; and that in determining what effect was, the court might properly look at the general policy of the law of appeals as furnishing a valuable analogy, and to the practical consequences of giving to the appeal the effect to stay proceedings below, or the contrary effect. Apply this view to the case, the court was of the opinion that the appeal from the order of the probate court did not vacate or suspend the operation of the order. The case of *Sixth Avenue R. R. Co.* v. *The Gilbert Elevated R. R. Co.* 71 N. Y. 430, involved, as I think, the precise question presented by this record. In that case, as here, the final decree enjoined the defendants from doing

certain things. The parties enjoined appealed, and gave the undertaking to stay the judgment, and then claimed that their appeal during its pendency relieved them from the effects of the injunction. But the court held otherwise. The court said: "If the respondent here is right in its contention, pending an appeal from a judgment staying waste, which if committed will destroy the freehold, the appellant in simply staying the plaintiff's proceedings on the judgment may with impunity do the very act forbidden, and destroy the freehold. This would be to give the latter injunction, staying action by the one party upon the judgment, effect, as working a dissolution of the permanent and general injunction before granted, restraining the other party from doing any act affecting the subject of the litigation. The judgment, so far as it enjoined the defendant, needed no execution. It acted directly without process upon the defendant, and the stay only operated to prevent the collection of the costs awarded."

So in *Nill* v. *Camparet,* 16 Ind. 107, it was held that the only effect of an appeal to a court of error, when perfected, is to stay execution upon the judgment from which it is taken. In all other respects, until annulled or reversed, the judgment is binding upon the parties as to every question directly decided. So in *Cain* v. *Williams,* 16 Nev. 426, it was decided that the pendency of an appeal, when the appellate court has no other duty than to affirm, reverse, or modify the judgment appealed from, does not suspend the operation of the judgment; the judgment is good until set aside. So, also, in *Swing* v. *Townsend,* 21 Ohio St. 1, it was held that the appointment of a receiver, while the cause is in the common pleas, is not vacated or suspended by an appeal to the District Court, and the powers and duties of the receiver will continue, notwithstanding the appeal. These cases also are to the same effect: *Lewis* v. *St. Louis etc. R. R. Co.* 59 Mo. 495; *Orleans* v. *Platt,* 99 U. S. 676; *Burton* v. *Burton,* 28 Ind. 342; *Merchants' Ins. Co.* v. *De Wolf,* 33 Pa. St. 45; *Farmers' L. & T. Co.* v. *Cent. R. R. Co.* 4 McCrary, 546; *Allen* v. *Mayor and Aldermen of Savannah,* 9 Ga. 286; *Chase* v. *Jefferson,* 1 Houst. 257; *Suydam* v. *Hoyt's Adm'r,* 1 Dutch. 130; 2 Dan-

iel's Chancery Practice, § 1467, and note 3; *Paine* v. *Schenectady Ins. Co.* 11 R. I. 411. And this rule seems to be sustained by the weight of authority, and is elementary. (Freeman on Judgments, § 328; Woods' Pr. Ev. p. 735.)

In reaching the conclusion indicated by these authorities, we have not overlooked the distinctions which existed prior to the enactment of the Code between the effect to be given to an appeal and the suing out of a writ of error. But such distinctions are swept away by the Code. The entire procedure is now governed by one statute, and no sufficient reason appears to us for making the distinction claimed by the respondent. This very case is a good illustration why such distinction should not be tolerated or recognized. In the original case of *Holland* v. *Day*, as has been shown, a final decree was entered in favor of the plaintiff, adjudging her to be the owner of the premises then in dispute, and perpetually enjoining the defendant from claiming the same, or in any manner interfering with the plaintiff's peaceable enjoyment of the same, from which decree the defendant appealed. After the entry of that decree the plaintiff, present defendant, undertook to enter under it, and was resisted, and for that alleged wrong this action is brought, in which the plaintiff is awarded six hundred dollars damages. Upon the appeal in said suit, this court affirmed the decree of the court below, so far as the particular premises in controversy in this action are concerned, so that it is apparent that this defendant is mulct in six hundred dollars damages and costs for an attempted entry on her own premises under a valid and unreversed decree of the Circuit Court of Multnomah County. A construction which may produce such results is unsound, and cannot receive the sanction of this court.

Our attention has been called to the latter part of section 514 of Hill's Code, which provides: "An action or suit is deemed to be pending from the commencement thereof until its final determination upon appeal, or until the expiration of the period allowed to take an appeal." But this section has no direct bearing upon the question involved here. To adopt the respondent's construction of this section would be to hold, in effect, that

a judgment or decree is ineffectual and without any force until the time allowed to take an appeal has expired, for the reason that during that time the action is to be deemed pending. The facts of this case do not require a construction of this language, further than to say that the one suggested on argument cannot be adopted. Judgments and decrees are constantly enforced and executed long before the time for an appeal has expired, and the right to do so has never been before questioned in this court. But if a construction of that language were really necessary to a proper determination of this case, we should feel disposed to hold that it is in effect declaratory of the rule of law, as it existed before the enactment of the Code. In other words, that after judgment a party may take such steps in the action as are sanctioned or provided by law, and that for these purposes and these only the action is "to be deemed pending," and not that the whole action, for all purposes, and before the judgment is vacated or set aside, is still *sub judice*. To give this language the construction contended for, would be to hold that until the time for appealing had expired, a judgment is without legal force or effect, and that during that time neither party is bound by it.

It is claimed by respondent's counsel that under section 539 of Hill's Code, this decree was stayed by the appeal without the usual undertaking. But this does not affect the result. The "stay" in either case would only prevent the enforcement of the decree so far as it required the enforcement of the payment of money. The other part of the decree needed no enforcement. It operated upon the status of the thing, and fixed it irrevocably, unless changed on appeal.

In this class of cases, the usual and ordinary measure of damages is the amount which will fully compensate the plaintiff for the actual injury which he has sustained; but where a tort is committed with a bad motive, or so recklessly as to imply a disregard of social obligations, and generally when the defendant appears to have done the act wantonly, maliciously, or wickedly, the jury may, in their discretion, give exemplary damages. But to enable them to act intelligently and justly in such case, it is

important that every fact and circumstance bearing upon the motives of the defendant, or affecting his conduct at the time, and all the circumstances under which he acted, should be fully laid before them. The defendant, therefore, had the right to place before the jury in this case the decree offered in evidence as explanatory of his motives, and as tending to rebut the charge of malice. It tended to prove a reason for the defendant's conduct other than that charged in the complaint, and for this purpose it was wholly immaterial whether the decree was in full force or not, if the defendant honestly believed that it was, and that she had a right of entry under it.

These considerations lead to a reversal of the judgment; but inasmuch as the decree offered in evidence furnished a complete justification for the entry complained of, we think it unnecessary to order a new trial.

LORD, C. J., dissenting.—At common law, a writ of error was the appropriate remedy, by which a party aggrieved by the judgment of an inferior jurisdiction could remove the judgment for examination into a superior tribunal, having jurisdiction to revise it. It lies for some supposed mistake in the proceeding of a court of record, and only upon matters of law arising upon the face of the proceedings. (3 Blackst. Com. 406.) It was defined as "a commission by which the judges of one court are authorized to examine a record upon which a judgment was given in another court, and on such examination, to affirm or reverse the same according to law." (*Cohens* v. *Virginia*, 6 Wheat. 409; *Jaques* v. *Cesar*, 2 Saund. 101, notes 1, 2; Tidd's Practice, 1134.) The writ was grantable, in civil cases, *ex debito justiæ*, in criminal cases, *ex gratia regis*.

The distinction between an appeal and a writ of error is that an appeal is a process of civil-law origin, and removes the cause entirely, subjecting the fact as well as the law to a review and revisal; but a writ of error is of common-law origin, and it removes nothing for re-examination but the law. (*Wiscart* v. *D'Auchy*, 3 Dall. 321; *United States* v. *Goodwin*, 7 Cranch, 111.) It is said to have been taken from the civil law and introduced

into the procedure of courts of equity and admiralty; and thence again from these, it has been adopted into the codes of reform procedure.    In a technical sense, the main features which distinguish it from a writ of error are, that the party aggrieved by the decree applies to the Supreme Court to rehear his cause; and when the appeal is allowed or perfected by citing the other party to appear, and having the record of the proceedings transmitted to the appellate court, it is heard anew, and tried and decided as if it had not been adjudicated.    As a consequence, it is the original theory that an appeal, when perfected, annuls the decree below.    "A writ of error is an adversary suit; it is a new suit, and must have the requisite parties" (*Hutchinson* v. *Hutchinson,* 15 Ohio, 301); but the judgment which is brought to annul and set it aside is not vacated or affected pending the proceeding. Said Mr. Justice Deady: "A writ of error was considered a new action to annul and set aside the judgment of the court below; and if the writ was seasonably sued out, and bail put into the action, it was a *supersedeas,* so far as to prevent an execution from issuing on the judgment, pending the writ of error; but left it otherwise in full force between the parties, either as a ground of action, a bar, or an estoppel."    (2 Bacon's Abr. 87; 3 Blackst. Com. 406; *Kansas Pac. R. R. Co.* v. *Twombly,* 100 U. S. 81.)    But in equity and the admiralty courts, the remedy for an erroneous decree is an appeal; which removes the whole case into the court above for trial *de novo.*    There is no decree left in the lower court, and pending the hearing on appeal, there is no decree in the case, and there can be no estoppel by reason thereof.

The tendency during the last half century has been to assimilate proceedings in equity and law cases; and in States where the modern Code prevails, the proceeding by which judgment is reviewed in the appellate court is generally known as an appeal, although in effect it is more like a writ of error than an appeal. (*Sharon* v. *Hill,* 26 Fed. Rep. 345.)    Now to which extent has these two modes of review, as thus distinguished, been modified by statute regulation in our Code?    In the practice codes of many of the States, the old forms of action have not only been

abolished, but they have abolished the distinction between actions at law and suits in equity.

In this State the distinction between the forms of action at law has been abolished; but proceedings in equity are still kept distinct from an action at law. (*Burrage* v. *B. G. & Q. M. Co.* 12 Or. 172.) "Our Code," said THAYER, J., "presumes the forms of action and suits as distinct from each other" (*Beacannon* v. *Liebe*, 11 Or. 443); and also in the result reached after trial, the distinction of judgment or decree is still preserved. For the review of a judgment or decree, the Code, has made ample provision, and the proceeding is known as an appeal. (Hill's Code, §§ 525–537, inclusive.)

In actions at law upon appeal, it is necessary to specify the grounds of error relied upon, but not so when from a decree in equity. When the appeal is from a judgment in an action at law, the judgment can only be reviewed as to questions of law appearing on the transcript, and is only to be reversed or modified for errors substantially affecting the rights of the appellant; but upon an appeal from a decree, the suit is required to be tried anew upon the transcript and evidence. And in either case, whether of a judgment or decree, if a stay of proceedings is denied during the pendency of the appeal, an undertaking or bond is required to be given to effect that result. The object of the stay is to prevent the execution of the judgment or decree pending the appeal, and when this is affected by a proper bond, it operates to suspend the right to execution; but in the absence of a statute regulation, leaves the judgment, until annulled or reversed, subject to the common-law rule, binding and conclusive on the parties as to every question directly decided, and the decree inoperative for any purpose whatever during that time.

The provisions of the Code which we are now considering do not undertake to declare or prescribe what effect shall be given to a judgment or decree pending the appeal. In all this, however, it will be noted that the appeal from a judgment at law under our Code of practice corresponds more nearly with the writ of error, and in effect is more like it than appeal; while an appeal from a decree in equity, in bringing up the whole record

and evidence to be tried *de novo,* substantially conforms to the original theory of an appeal as introduced from the civil law into the equity and admiralty practice, and leaves no decree in the case to operate as a bar or estoppel, unless the provisions for a stay by some legerdemain has the effect to retain the decree in full force, and placed it upon the same footing as to its conclusive character until reversed as a judgment at law. In that event, a judgment or decree, pending the appeal, would be *res adjudicata* as to every matter directly decided until annulled or reversed. This is the result reached by my associates, and I confess it has always been my impression from a cursory view of the provisions of our Code in reference to appeals, that when a judgment or decree is rendered in the Circuit Court, and an appeal is taken from it, and a stay bond given, such judgment or decree is binding and conclusive upon the parties and their privies in every other court until such judgment or decree is annulled or reversed. Hence, I have supposed a decree like a judgment, pending appeal, is allowable as evidence between the parties in any case when pertinent and proper.

The present discussion, however, has called our attention to a provision of the Code which has hitherto been overlooked by me. I refer to section 505, which provides that "an action or suit is deemed to be pending from the commencement thereof until its final determination upon appeal, or until the expiration of the period allowed to take an appeal." What does this mean, if not to say that, while an action or suit is pending, no judgment or decree rendered therein is conclusive on the rights of the parties until finally determined on appeal, or until the time for appeal has passed? If the action or suit is to be deemed pending until finally determined on appeal, it is still under judicial consideration during such pendency, and not judicially determined. It is impossible that an action or suit should be pending, that is, under judicial consideration, and at the same time be *res adjudicata,* or a final determination, which is conclusive on the right of the parties. It is a contradiction of terms to say that a matter in litigation is pending, undecided, and at the same time is decided and *res adjudicata.* With the exception of Cali-

fornia, no other State, so far as my inquiries have extended, has a like provision.

In that State, section 1049 is identical with our own, and has been construed by an eminent judge of that State to mean that a case upon an appeal is still pending — still *sub judice* — until finally decided, and cannot, therefore, during such pendency, be regarded as *res adjudicata*, or having any effect as evidence. In *Sharon* v. *Hill*, 26 Fed. Rep. 722, Mr. Justice Sawyer, referring to section 1049 as expressly providing that "an action is deemed pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed," says: "By the express terms of this section, therefore, a judgment is not final as to the subject-matter — is not a final or conclusive determination of the rights of the parties — not only until the final determination on appeal," but where no appeal has been taken, "until the time for appeal has passed. Until the time indicated, the action is deemed to be pending; that is to say, remains inconclusive, not finally determined, and liable to be changed or altogether vacated and annulled. The action is therefore still pending, and the subject-matter remains *sub judice.*" And again: "By the express terms of the statute the action is still pending and undetermined. The litigation of the matter is not ended. It is still flagrant. The subject-matter is still *sub judice*, and a matter still *sub judice* cannot possibly be *res adjudicata* in any proper sense of that phrase. To say that a matter *sub judice* is at the same time *res adjudicata* would be a contradiction of terms. The two conditions with reference to the same subject-matter cannot possibly be found to exist." After showing that the effect of an appeal upon a judgment as *res adjudicata* had been previously settled by the decisions of the Supreme Court, independently of the provisions of the Code referred to, he then adds: "But there can be no possible doubt, it seems to us, under the provisions of the present Code cited, that a case upon appeal is still pending — still *sub judice* — until finally decided, and that it cannot be regarded as *res adjudicata*, or as having any effect as evidence. The effect or value of a judgment is therefore *fixed by the Code* and the decisions of the

Supreme Court. This being so, it will be unprofitable to examine the few cases cited from other States, arising under a different practice, and presenting different conditions, to support the opposing view. " In the same case Mr. Justice Deady reached a like conclusion. Referring to and quoting section 1049, he tersely said: " The effect of this provision appears to be, that the judgment in the court below is only a step in the proceeding to a final judgment in the appellate court, in case of an appeal, and otherwise to hold it in suspense as a ground of action or defense in another suit until the time for taking an appeal has passed."

As section 505 applies both to actions and suits, if this be its proper construction—its meaning and purpose—it affects judgments and decrees alike, and not only stays their execution pending an appeal, but suspends their operation for all purposes, so that neither is admissible in evidence in any controversy between the parties. It reverses the common-law principle as to the conclusive effect to be given to a judgment, until annulled or set aside by the appellate court. In legal parlance, the word "pending" means nothing more than "remaining undecided" (*Cleandening* v. *Allen,* 4 N. H. 385; 48 N. H. 210); and if the subject-matter in litigation between the parties is pending during an appeal, it is undecided, not finally determined, but *sub judice,* and not *res adjudicata,* and therefore cannot have any effect as evidence, or operate as a bar or estoppel.

In the absence of this provision, our statute substantially preserves the distinction as it existed at common law as to writs of error and trials *de novo* in equity upon appeal, and it occurs to me there are many reasons why the distinction should still be preserved, and would be the better rule of practice. But our duty is not to make the law, but to expound and declare it; and in the light of the construction given to section 505, and that seems to me to be its plain purport and meaning, I am constrained to think that the court committed an error in excluding the decree as evidence, *res adjudicata,* as to the rights of the parties. In the course of the argument something was said as to a late act of the legislature authorizing parties in suits of equity, if they so preferred and consented, to try the case as an action at

law, without reducing the evidence to writing, and to bring it up on a bill of exceptions, etc., and that in such case it would be treated on appeal as an action at law. That probably may be so, but it is not material to the question here, for our statute makes no distinction pending an appeal in respect to actions or suits, and consequently neither a judgment nor decree would be conclusive on the parties as evidence, until finally determined on appeal, or the time of appeal has passed.