Argued July 2, affirmed July 21, 1914.

## MAYNARD v. LANGE.

(143 Pac. 648.)

**Mechanics' Liens—Waiver—Effect of Contractors' Bond.**

1. A contractors' bond, to indemnify the owner against any lien or claim for which the owner might become liable and which is chargeable to the contractors, to pay all indebtedness incurred by the contractors in carrying out the contract, and to complete the contract free from mechanics' liens, does not operate as a waiver of lien of the contractors themselves.

[As to stipulation in building contract against mechanics' liens as precluding contractor from filing lien, see note in Ann. Cas. 1913E, 562.]

**Mechanics' Liens—Right to Lien—Performance on Contract.**

2. Under Sections 725, 726, L. O. L., providing that the evidence shall correspond with the substance of the material allegations and each party shall prove his own affirmative allegations, where the contract alleged in a suit to foreclose a contractors' lien provided for drainage from exterior moisture and seepage, which was omitted, and for an even and sufficient drainage to all floor drains and traps, while the floor as fashioned would not completely drain to the outlets, the lien will not be enforced, but the contractors will be remitted to their remedy at law.

From Multnomah: GEORGE N. DAVIS, Judge.

Department 2.    Statement by Mr. Justice Burnett.

This is a suit by W. W. Maynard and J. E. Souvignier, partners, doing business as Maynard & Souvignier, against George W. Lange, to foreclose a contractor's lien.

The plaintiffs, called for convenience the contractors, agreed in writing with the defendant, the owner, to erect for him a residence on certain real property in Multnomah County, Oregon, according to plans and specifications made part of the contract. A dispute having arisen as to whether the work was completed as stipulated, they filed a claim of lien as contractors for $889.38, as the balance alleged to be due them upon a true statement of their claim. They aver generally that they performed their contract, except where changed by the owner and architect as the work progressed. They also specify the changes agreed upon and the prices stipulated for the same.

The defendant traverses the allegation of performance of the contract, either according to its terms or as substituted by himself or his architect, and sets forth in his answer affirmatively the various particulars in which he contends the performance of the contract by the plaintiffs was wanting. The defendant also relies upon the admitted fact that while the work was in progress a bond was given by the plaintiff Souvignier, with another as surety, conditioned that:

"If the contractors shall indemnify and save harmless the owner from and against all or any lien or claim for which, if established, the owner of the said premises might become liable, and which is chargeable to the contractors, and if they shall duly and promptly pay and discharge all indebtedness that may be incurred by the contractors in carrying out the said contract, and complete the same free from mechanics' liens, * *

then this bond shall be void; otherwise to be and remain in full force and virtue.''

The reply traverses the new matter of the answer in sundry other particulars. At the trial the defendant objected to any testimony being introduced, for the reason that the bond mentioned operated as a waiver of any lien on the part of the contractors. The court sustained the objection; but, under the rule allowing testimony in equity cases to be taken subject to the objections, the court by consent of the parties referred the cause to a court reporter, as referee, who took the testimony for the plaintiffs, which appears in the record before us. A final decree was entered dismissing the suit, from which the plaintiffs appeal.

                                        AFFIRMED.

For appellants there was a brief over the name of *Messrs. Lewis & Lewis,* with an oral argument by *Mr. Andrew T. Lewis.*

For respondent there was a brief over the name of *Messrs. Boothe & Richardson,* with an oral argument by *Mr. J. F. Boothe.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. The first question for consideration is the effect to be given to the bond in question. We remember that the lien is claimed in favor of the contractors themselves, and not for any mechanic, materialman, laborer, or other person, besides contractors, mentioned in the statute. There are three stipulations in the bond: (1) That the contractors ''shall indemnify and save harmless the owner from and against all or any lien or claim for which, if established, the owner of the said premises might become liable, and which is

chargeable to the contractors''; (2) ''and if they shall duly and promptly pay and discharge all indebtedness that may be incurred by the contractors in carrying out the said contract''; (3) ''and complete the same free from mechanics' liens.'' No question is made about violation of the first two stipulations mentioned. The defendant rests his case on the condition that the contractors should complete the work free from mechanics' liens. In *Gray* v. *Jones,* 47 Or. 40 (81 Pac. 813), the stipulation of the contract for building was, among other things, as follows:

''The party of the first part will save the party of the second part free and harmless from the payment of any and all liens which may be enforced on account of any material furnished or labor performed on said building and premises, or any part of either thereof; and the said party of the second part further covenants and agrees that he will not allow any laborer's, mechanic's, materialman's or any lien or liens to be filed against the said building and premises, or any part of either thereof, and, further, that the said building and premises and every part of either thereof shall be at all times free from any and all liens.''

This stipulation was against ''any and all liens,'' without discrimination between the claim of the original contractor and that of any subcontractor, mechanic or laborer, and it was properly held that this constituted a waiver on the part of the contractor of any lien in his own favor. Having promised to keep the building and premises always free from ''any and all liens'' without distinction, he could not be heard to claim a lien for himself.

The statute, however, differentiates between the original contractor, mechanic, artisan, materialman and laborer. It is a duty of the former to file his claim of lien in 60 days, and of all other parties to file their

claim within 30 days, after the completion of the work. The contractor is not in the same classification with other persons named in the statute. The distinction between the original contractor and a mechanic is pointed out in the following authorities: *Savannah etc. R. Co.* v. *Callahan,* 49 Ga. 506; *Winder* v. *Caldwell,* 55 U. S. 434 (14 L. Ed. 487); *New Orleans* v. *Pohlmann,* 45 La. Ann. 219 (12 South. 116); *Theobalds* v. *Conner,* 42 La. Ann. 787 (7 South. 689); *Krakauer* v. *Locke,* 6 Tex. Civ. App. 446 (25 S. W. 700); *Parks* v. *Locke* (Tex. Civ. App.), 25 S. W. 702. In the light of these precedents, we hold that the bond mentioned did not stipulate against the claim of lien in favor of the contractors themselves, and hence cannot operate against them as a waiver.

2. We are therefore remitted to the duty of trying the case *de novo* on the testimony reported in the record. The principal issue in the case is upon the allegation of plaintiffs that they duly performed the contract as modified by the changes made from time to time as the work progressed which averment is traversed by the answer. The defendant charges, among other things, that:

"The plaintiffs neglected and failed to provide any drainage from exterior moisture and seepage, with soil drains under the walls, or to place therein any drains whatever."

This is explicitly provided for in the specifications made part of the contract, and the plaintiffs themselves admit that it was overlooked and not installed. It is also required that the contractors shall "lay a cement floor over entire basement area, * * with an even and sufficient drainage to all floor drains and traps." The testimony of the plaintiffs shows that the basement floor is so fashioned that it will not com-

pletely drain to the outlets. Other defects noted are clearly disclosed by the testimony before us, but these are sufficient for illustration. The specifications further provide:

"The contractor shall make no changes, alterations or substitutions to these specifications, or to the blue-prints and drawings, nor to the building during its construction without permission of the architect in writing, approved of by the owner in writing, and duly acknowledged by the contractor in writing over his own signature."

No pretense is made that the omission of the drain tile, or the manner in which the basement floor was constructed, was authorized by the architect or the owner. Having alleged performance of the contract, and it having been denied by the defendant, it was incumbent upon the plaintiffs to prove the allegation as laid, under the statutes that "evidence shall correspond with the substance of the material allegations" and "each party shall prove his own affirmative allegations": Sections 725 and 726, L. O. L.; *Hannan* v. *Greenfield*, 36 Or. 97 (58 Pac. 888); *Young* v. *Stickney*, 46 Or. 101 (79 Pac. 345); *Richardson* v. *Investment Co.*, 66 Or. 353 (133 Pac. 773).

The conclusion is that the plaintiffs cannot prevail in this suit to foreclose their lien, but must be remitted to such action at law, either on the contract or upon the *quantum meruit*, as they may think proper in the premises.

The decree of the Circuit Court is affirmed.

                                             AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE EAKIN concur.