Argued December 7, 1926, affirmed March 8, rehearing denied March 29, 1927.

# A. JALOFF *v.* UNITED AUTO INDEMNITY EX-CHANGE ET AL.

## (253 Pac. 883.)

**Judgment—In Automobile Owner's Action on Indemnity Insurance Policy, Judgment-roll in Prior Suit Between Same Parties, Involving Same Policy, Car and Accident, Held Admissible on Issue of Extent of Coverage.**

1. In automobile owner's action on policy of indemnity insurance to recover amount which plaintiff had paid for injuries from collision, judgment-roll in former case between same parties, involving liability under same policy to other persons injured in same collision, *held* admissible and relevant on issue whether plaintiff's automobile was within the coverage of the policy.

**Judgment—Judgment That Automobile was Within Indemnity Insurance Policy Held Res Judicata in Subsequent Action Between Same Parties Involving Same Policy and Car.**

2. Judgment in action by automobile owner on indemnity insurance policy, holding that automobile involved in collision was within coverage of policy, *held res judicata* in subsequent action between same parties involving liability to different persons injured in same collision.

**Judgment—Conclusiveness of Judgment as Affecting Plea of Res Judicata is not Affected by Pendency of Appeal Therefrom.**

3. The taking of an appeal from a judgment does not affect its conclusive character, in action where it is asserted as *res judicata*.

**Insurance—Provision of Automobile Indemnity Insurance Policy, Exempting from Liability for Loss Paid by Car Owner Except "After Actual Trial of the Issue," Held Waived.**

4. In automobile owner's action on indemnity insurance policy, showing that insurer had defended action for injuries from collision of one of plaintiff's automobiles until after return of verdict, and had thereupon denied liability and had refused to settle claims of other persons injured by same collision, which claims plaintiff thereupon compromised, *held* to show a waiver of provision in policy exempting from liability for loss or expense paid by car owner, except "after actual trial of the issue."

**Contracts—Plaintiff, Relying on Contract, must Show Full Performance on His Part or Some Valid Excuse.**

5. It is a rule of pleading that plaintiff, relying on a contract, must show full performance on his part or else some valid excuse, such as a waiver.

---

5. See 6 R. C. L. 951, 990.

**Pleading—Waiver of Performance of Condition Precedent to Defendant's Liability may be Pleaded by Statement of Facts Showing Waiver.**

6. A waiver of the performance of a condition precedent to liability of defendant may be pleaded by a statement of facts sufficient to establish a waiver, without any specific averment in terms.

**Pleading—Plaintiff must Recover According to Allegations of Complaint or not at All.**

7. It is a primary rule of pleading that a plaintiff must recover according to the allegations of his complaint or not at all.

**Insurance—Pleading of Plaintiff's Liability to Persons Injured by Collision Held Sufficient in Action on Automobile Indemnity Insurance Policy.**

8. In automobile owner's action on indemnity insurance policy to recover amount of compromise settlements made to persons injured by collision, after refusal of defendant to defend actions on such claims, pleading of plaintiff's liability to such persons and payment thereof *held* sufficient.

---

Insurance, 33 **C. J.**, p. 87, n. 77, 78.

Judgments, 34 **C. J.**, p. 772, n. 36, p. 773, n. 50, p. 902, n. 92, p. 914, n. 47, 48.

Liability Insurance, 36 **C. J.**, p. 1090, n. 49, p. 1099, n. 81, p. 1111, n. 12, p. 1124, n. 24.

Pleading, 31 **Cyc.**, p. 101, n. 94, p. 674, n. 34.

From Multnomah: George Rossman, Judge.

Department 2.

This is an appeal from a judgment in the sum of $6,812 in favor of plaintiff and against the defendants. During the times hereinafter mentioned, A. Jaloff, plaintiff herein, was engaged in the transportation of passengers for hire by means of motor vehicles, over the Columbia Highway, under the firm name and style of "Columbia Stages." Defendant United Auto Indemnity Exchange was an organization composed of individuals, partnerships and corporations authorized to exchange reciprocal or inter-insurance contracts, and defendant United Underwriters, Inc., was the duly appointed attorney in fact for its codefendant.

---

7. See 21 **R. C. L.** 483.

On May 10, 1924, the defendants issued to the plaintiff their liability insurance policy whereby they insured "all cars owned or operated by assured" in his stage business as provided in the policy. Clause A of the policy indemnifies the assured as follows:

"Against loss resulting directly from the ownership, manipulation or use of any automobile described herein, by reason of the liability imposed by law upon the Subscriber for damages on account of bodily injuries (including death resulting therefrom), accidently inflicted upon any person or persons * * during the contract period. * * "

Clause B relates to damage to property of others.

As to any suit for damages brought against the assured, the policy provides:

"United Auto Indemnity Exchange * * do hereby agree to defend, in the name and on behalf of the Subscriber, any suit brought against the Subscriber to enforce a claim covered by Clause A of this policy, whether groundless or not, for damages on account of bodily injury or death suffered, or alleged to have been suffered by any person or persons under the circumstances described in Clause A of this policy and resulting from an accident occurring during the period this policy is in force. * * "

And, "United Auto Indemnity Exchange do hereby agree to pay, in addition to the limits of liability mentioned in Clauses A and B of this policy, all expenses incurred by the Exchange for investigation, negotiation or defense; all costs and expenses incurred by the Exchange in defending any suit, including any costs taxed against the Subscriber and the interest accruing on that part of the verdict or judgment not in excess of the policy limits; all expenses incurred by the Subscriber for such immediate surgical relief as shall be imperative at the time of the accident. * * "

Under the policy, the duty of assured upon the occurrence of an accident is as follows:

"Notice.    Upon the occurrence of an accident covered by this policy, the Subscriber shall give immediate written notice thereof to the Exchange and shall forward to the Exchange forthwith after receipt thereof, every written communication, or information as to any oral communication, and every process, pleading and paper of any kind relating to any and all claims and proceedings.

"The Exchange reserves the right to settle any claim or suit, and the Subscriber shall not voluntarily assume any liability or interfere in any negotiation or legal proceedings conducted by the Exchange on account of any claim; or, except at his own cost, settle any claim; or, incur any expense. * *

"Action against the Exchange.    No action shall lie against the Exchange to recover for any loss and/or expense under this policy unless it shall be brought by the Subscriber for loss and/or expense actually sustained and paid in money by him after actual trial of the issue. * * "

On August 17, 1924, this plaintiff, owner and operator of Stage Number 48, was transporting passengers by means thereof, over the Columbia Highway, from The Dalles to Portland.    On the same date, C. A. Wells, accompanied by Dorothy Wells, his wife, their three infant children and one Burnice Case, was driving his Essex touring car from Portland to Hood River.    About 4:15 P. M., Wells, while proceeding eastward along the Columbia Highway through the town of Cascade Locks to the intersection of the highway by the Stevenson Ferry road about a quarter of a mile east of Cascade Locks, saw a sedan approach the highway from the north and turn toward the west. About the time the sedan reached the highway, Wells, seeing the stage approaching from the east at a rapid rate of speed, immediately drove his car off the pavement and onto the gravel on the right of the pave-

ment, leaving the pavement in the clear. The driver of the stage, in an attempt to pass the sedan, pulled so far to his left that the stage collided head-on with the Wells car, with the result that Wells, his wife, one of their children, and Miss Burnice Case, all occupants of the Wells car, and Mary Knight, one of the stage passengers, sustained personal injuries of more or less consequence.

Immediately after the accident, this plaintiff, in accordance with the terms of the policy of insurance hereinabove referred to, made to the defendants a report of all the facts and circumstances relating to the accident, and, when claims for compensation were made, immediately communicated such facts to defendants, who entered upon a full investigation. Thereafter, following the institution of action by Dorothy Wells and Merwin Wells, the defendants herein prepared and filed answers in such actions on behalf of plaintiff and appeared and defended the action of Dorothy Wells against him, but, upon the return of a verdict of $4,000 in favor of Dorothy Wells, the plaintiff in that case, the defendants immediately repudiated their contract and refused to defend the case prosecuted against plaintiff by Merwin Wells, on the ground that Car Number 48 was not covered by his policy of insurance. Merwin Wells recovered judgment for $2,500. Thereafter, this plaintiff paid the above judgments and sued these defendants upon their contract embraced in the insurance policy which had been issued and delivered to him, for the recovery of the sums so paid. The defendants answering denied that Car Number 48 was covered by the policy sued upon. That issue terminated in favor of this plaintiff, who recovered judgment for the sums paid by him on account of the prior

judgments recovered against him by Dorothy Wells and Merwin Wells. On appeal to this court that case was affirmed. See opinion in *Jaloff* v. *United Auto Indemnity Exchange,* filed December 28, 1926, 120 Or. 381 (250 Pac. 717):

Following the recovery of judgments by Dorothy Wells and Merwin Wells against this plaintiff, C. A. Wells, Burnice Case and Mary Knight brought actions against him for personal injuries arising out of the accident. Plaintiff promptly transmitted to the insurer all papers and process served upon him in these ·actions, with the request that it appear and defend the same. Upon its refusal to appear and defend, plaintiff settled the claims and brought action to recover the amounts paid to the respective parties in the three personal injury cases set forth above and in a fourth cause of action based upon the payment by him of $750 attorney's fees and filing fees in the sum of $62. The trial terminated in a judgment for this plaintiff. The defendants, appealing therefrom, assign the errors hereinafter discussed.

AFFIRMED.    REHEARING DENIED.

For appellants there was a brief and oral arguments by *Mr. Barnett H. Goldstein* and *Mr. Thomas Mannix.*

For respondent there was a brief over the names of *Messrs. Clark, Skulason & Clark* and *Mr. S. B. Weinstein,* with oral arguments by *Mr. Alfred E. Clark* and *Mr. Weinstein.*

BROWN, J.—1. The defendants contend that the trial court erred in admitting as evidence the judgment-roll in a former case between the parties hereto. The court record was relevant to a material issue.

It proved that the coverage of plaintiff's motor vehicle known in the record as Car Number 48 by Insurance Policy Number 428 issued and delivered to him by the defendants and forming the basis of this action formed one of the material and relevant issues in a prior action between the identical parties hereto, and involved the same wrongful act, which action resulted in a final judgment upon the merits of the case and determined that Car Number 48 was within the protection of the insurance policy.

"Regardless of any difference in the causes of action or subject-matter, the conclusiveness of a former adjudication extends to every question in issue and determined by the court." 2 Freeman on Judgments (5th ed.), § 688, and authorities cited in note 6.

See, also, *Runnells* v. *Leffel et al.*, 105 Or. 346 (207 Pac. 867).

2, 3. The defendants' contention that Motor Car Number 48 is not covered by Insurance Policy Number 428 is barred by the former adjudication, unless, as they assert, the appeal of the former case removed the bar.

"It has been held in some jurisdictions that the pendency of an appeal from a judgment deprives the judgment of that character of finality which is necessary to constitute it an estoppel, and for that reason it cannot be set up as a bar to a new suit. In other jurisdictions, however, it is held that, although the pendency of an appeal stays the enforcement of the judgment, it does not affect its conclusive effect as evidence, and therefore does not prevent the judgment from being pleaded in bar of a second action for the same cause." 34 C. J., pp. 771, 772.

In this jurisdiction, it has been uniformly held that an appeal does not affect the conclusive character of

a judgment as evidence: *Day* v. *Holland,* 15 Or. 464 (15 Pac. 855); *Toy* v. *Gong,* 87 Or. 454 (170 Pac. 936). In the case of *Toy* v. *Gong, supra,* Mr. Justice HARRIS, in speaking for the court, said:

"In this state it is the established rule that the force of a decree as a plea or as evidence remains unimpaired until it is reversed or modified."

4. The defendants next ask this question:

"Has the plaintiff under this policy a cause of action without pleading and proving the loss sustained and actually paid in money by him after actual trial of the issue?"

5. We have set out in our statement the provisions of the insurance policy that defendants invoke to defeat an action against the Exchange until the loss or expense sued for has been paid by plaintiff with defendants' consent or "after actual trial of the issue." In view of the foregoing provisions, unless the plaintiff can plead and prove the waiver of such conditions by the insurance company, it is necessary, as a condition precedent to maintaining this action, that he plead and prove his compliance therewith by performance: 3 Bancroft's Code Pleadings, §§ 1574, 1610; 14 Stand. Ency. of Proc., p. 39; *Long Creek Building Assn.* v. *State Ins. Co.,* 29 Or. 569 (46 Pac. 366); *Hannan* v. *Greenfield,* 36 Or. 97 (58 Pac. 888); *Young* v. *Stickney,* 46 Or. 101 (79 Pac. 345). In *Waller* v. *City of New York Ins. Co.,* 84 Or. 284 (164 Pac. 959), Mr. Justice BURNETT, speaking for the court, wrote:

"It is a rule of pleading in this state that, where the plaintiff relies upon a contract he must show full performance on his part or else some valid excuse, as an example of which latter waiver may be classed, and that all this must appear in his complaint."

Then follow citations.

6. Waiver of the performance of a condition precedent may be pleaded by a statement of facts sufficient to establish a waiver. In other words, it is unnecessary to aver waiver in terms where the facts alleged show a waiver: 14 Stand. Ency. of Proc., pp. 52, 53. To the same effect are *Durkee* v. *Carr*, 38 Or. 189 (63 Pac. 117); *Winter* v. *City of Niagara Falls*, 190 N. Y. 198 (82 N. E. 1101, 123 Am. St. Rep. 540, 13 Ann. Cas. 486); *Todd* v. *Union Cas. & S. Co.*, 70 App. Div. 52 (74 N. Y. Supp. 1062); *Glazer* v. *Home Ins. Co.*, 190 N. Y. 6 (82 N. E. 727); *Hurt* v. *Employers' Liability Assur. Corp.*, 122 Fed. 828.

Plaintiff's pleading avers the coverage of Car Number 48 by the insurance policy forming the basis of this action. It avers accidental injuries to five several persons. It alleges that the plaintiff gave the insurance company notice and forwarded to it every communication and all information coming into his possession relating to the accident; that the insurance company took complete charge and control of the investigation of the facts and continued in control of the situation for seven months; that it filed answers in two actions arising out of the accident and conducted the trial of the case of Dorothy Wells against this plaintiff, but that, upon the return into court of a verdict in the sum of $4,000 against him, the company immediately repudiated its contract with this plaintiff and notified him that it disclaimed all liability with respect to the accident and the claims for damages against the stage company arising out of the same, and refused to take any further action thereon. Plaintiff's complaint further avers that the three additional and unlitigated actions mentioned in our statement were brought against him; that he notified the insurance company of the filing of such actions,

transmitted to it all papers and process in relation thereto, and requested that it defend the same, and that, following its repeated repudiation of the insurance contract and disclaimer of all liability thereunder, he settled and adjusted each of them by a settlement that was "fair, reasonable and prudent."

The plaintiff in this case relies upon the doctrine announced in *St. Louis Dressed Beef & Provision Co. v. Maryland Casualty Co.*, 201 U. S. 173 (50 L. Ed. 712, 26 Sup. Ct. Rep. 400), wherein it was held that the refusal of the casualty company to defend two certain actions for damages against the assured constituted such a breach of its contract with the policy-holder that it released it from the agreement not to settle the claims without the consent of the company and amounted to a waiver of the condition that it was only liable for judgment rendered against the assured after trial and satisfaction thereof by payment. The certificate in that case shows that the plaintiff's petition alleged the existence of these facts: That Maryland Casualty Company agreed to indemnify St. Louis Dressed Beef & Provision Company for the term of one year against loss from liability for damages on account of bodily injuries accidentally suffered by any person or persons and caused through the negligence of the assured. The policy of insurance sued upon contained conditions identical with the conditions of Policy Number 428 as set forth in our statement herein. In that case, the plaintiff alleged its liability to the injured claimants for damages, and the waiver of the conditions of the policy by the casualty company. Among other things, the petition alleged:

"On May 25, 1901, the plaintiff became liable for damages on account of bodily injuries accidentally

snffered by Mrs. Nellie Heideman and caused through the negligence of the plaintiff * * . The plaintiff immediately gave the defendant notice of * * a claim against the plaintiff for damages. * * The defendant notified the plaintiff that it denied that it was liable to it on account of the damages resulting from the accident * * because * * the driver of the plaintiff's wagon was not an employee of the plaintiff. * * The injuries to Mrs. Heideman were * * serious and permanent, and the plaintiff was liable for damages in each of the suits.''

The following question in that case, certified by the Circuit Court of Appeals for the Eighth Circuit to the Supreme Court of the United States for instructions thereon, is the identical question involved in the case at bar, and the holding of the United States Supreme Court on that question is, we believe, decisive of this appeal.

''Did the denial of all liability by the assurer and its refusal to defend the suits in the name and on behalf of the assured as provided by paragraph 2 of the policy constitute such a breach of the contract on its part that it released the assured from its agreement in paragraph 3 that it would not settle any claim except at its own cost without the consent of the assurer previously given in writing, and from the provision of paragraph 8 that no action should lie against the assurer as respects any loss unless for loss actually sustained and paid by the assured in satisfaction of a judgment after trial of the issue?''

This question was answered in the affirmative.

While the authorities are not in full accord on the subject, we believe the better doctrine to be that announced by Mr. Justice HOLMES, speaking for the Supreme Court of the United States in *St. Louis Dressed Beef & Provision Co.* v. *Maryland Casualty Co., supra,* the case last hereinabove discussed.

From the syllabus of that case we take the following summarization of the opinion:

"An insurance company issued its policy insuring the assured against statutory and common-law liability for damages caused by negligence of insured or its employees, the insured to give immediate notice of any accident to the company, which agreed to defend any suit for damages brought against the assured, the latter not to make any settlement without the company's consent, and not to bring any action under the policy except for loss actually paid in satisfaction of judgment after trial. After an accident of which notice was duly given, the assured was sued and the company refused to defend on the ground that the accident was not within the risks assumed. The assured, to avoid heavy judgments, settled the suits out of court and sued the company. Held: That the refusal of the company to defend the suits constituted such a breach of the contract that it released the assured from the agreement not to settle the claim without its consent, and amounted to a waiver of the condition that it was only liable for judgment rendered against the assured after trial and satisfied."

The following from *Matter of Empire State Surety Co.*, 214 N. Y. 563 (108 N. E. 827), is peculiarly applicable to the facts in the case at bar:

"Failure to defend suits brought against the assured constituted a breach of contract upon its part (citing cases). Such a breach of contract on the part of the company released the assured from the agreement not to settle the claim without its consent and was, in effect, a waiver of the condition of the policy that the company should only be liable after the assured had paid the judgments rendered against him. * * In *St. Louis D. Beef & P. Co.* v. *Maryland Casualty Co., supra,* Mr. Justice Holmes said: 'The defendant, by its abdication, puts the plaintiff in its place with all its rights.'"

Another leading case upon the subject is that of *Butler Bros.* v. *American Fidelity Co.*, 120 Minn. 157 (139 N. W. 355, 44 L. R. A. (N. S.) 609). Again, in that case the insurance company contended that no recovery could be had because there had been no trial of the issue. In its disposition of the case the Supreme Court of Minnesota, after a full discussion of the facts involved, concludes in language following:

"If the first contention is sustained, it means that whenever the insurer refuses to defend an action, leaving its entire conduct to the insured, the latter, if he is unwilling to lose the benefit of the insurance he has paid for, must go to the expense of a trial, and take the chances of a heavy verdict, very likely in excess of his insurance. * * The company has refused to take the defense, has refused to exercise its right to settle the case or defend it, as it saw fit, and has left the entire control and conduct of the litigation with the insured, all contrary to its contract. The amount paid on a reasonable settlement constitutes a 'loss from the liability imposed by law,' as much as does the payment of a judgment rendered after a trial. * * We hold that, by its refusal to take the defense of the action, defendant broke its contract, and waived the condition therein which required a judgment after trial of the issue, as well as released the insured from its agreement not to settle the case without its consent."

In the recent case of *Rosenberg* v. *Maryland Casualty Co.* (N. J.), 130 Atl. 726, is presented a situation much like that in the case at bar. In that case, the insurance company against which the action was brought claimed exemption by reason of the following provision in its policy:

"The Company is not responsible for any settlements made or expenses incurred by assured, unless * * (such are) * * first specifically authorized in writing by the Company."

The Supreme Court of New Jersey, in rendering its decision, thus interprets the above paragraph, in language clear and convincing:

"This provision can only apply where both parties were proceeding under, and in accordance with, the terms of the policy. The defendant's refusal to defend the action against the plaintiff was in direct violation of the terms of the policy, and, of necessity, compelled the plaintiff to protect his interest."

We believe this to be sound reasoning and a fair statement of the law.

To similar effect are *Interstate Casualty Co.* v. *Wallins Creek Coal Co.*, 164 Ky. 778 (176 S. W. 217, L. R. A. 1915F, 958); *Wisconsin Zinc Co.* v. *Fidelity & Deposit Co.*, 162 Wis. 39 (155 N. W. 1081, Ann. Cas. 1918C, 399, 403); *Fullerton* v. *United States Casualty Co.*, 184 Iowa, 219 (167 N. W. 700, 6 A. L. R. 367).

7, 8. Now, recurring to the pleadings: It is a primary rule of pleading that a plaintiff must recover according to the allegations of his complaint, or not at all: *McMahan* v. *Canadian Ry. Co.*, 40 Or. 148 (66 Pac. 708). The object of all pleading by the plaintiff is that the defendant may be informed of the real cause of action relied upon by the pleader: Pomeroy's Code Remedies (4 ed.), § 448. In the case at bar, construing together the original and supplemental pleadings, there is no question but what the defendants were advised of the plaintiff's claim of liability to the persons who were accidentally injured as the result of the collision. Furthermore, the evidence supported the plaintiff's theory of his own liability. Throughout the trial, defendants' theory was that no action could be maintained against the exchange because the subscriber had not alleged that the action was for "loss and/or expense actually sus-

tained and paid in money by him after actual trial of the issue.'' In truth, the court gave the following instruction requested by defendants:

''I instruct you that * * before the plaintiff is entitled to recover this sum, or any part thereof, from the defendants, he must first show to your satisfaction, by a preponderance of the evidence, that the plaintiff was liable to Wells for the injuries which Mr. Wells claimed. If you do not find that the plaintiff was liable to Wells in any sum whatever, your verdict upon that cause of action should be in favor of the defendants, for in that event there was nothing to compromise and no liability arose out of it in favor of the plaintiff in that case.''

Both the court and the defendants properly assumed that the pleadings charged plaintiff's liability to the claimants. This instruction was especially favorable to the defendants, in view of the fact that the insurance company had agreed to defend ''any suit brought against the Subscriber to enforce a claim covered by Clause A * * and * * Clause B of this policy, whether groundless or not.'' A case much in point is *Iverson* v. *McDonnell*, 36 Wash. 73 (78 Pac. 202).

We have considered all the questions involved in this appeal and find no sufficient reason for reversing the case. Hence we direct its affirmance.

AFFIRMED. REHEARING DENIED.

BEAN and BELT, JJ., concur.

McBRIDE, J., Dissenting in Part.—I do not think the pleadings in this case sufficiently broad to sustain the conclusion arrived at. There is no allegation of any liability on the part of the plaintiff to pay the claims, which it is alleged were adjusted and settled.

In all of the cases I have examined, this allegation seems to have been made. Further, there is no positive allegation that the plaintiff has paid anything pursuant to the alleged "settlement and adjustment." In the absence of this allegation, I am of the opinion that this phase of the case has not been met to justify the judgment against the defendant here.

The cases cited by Mr. Justice BROWN seem fairly logical to sustain the contention, that by failure of the insurance company to defend, as they had agreed, the waiver arose which authorized the plaintiff in this case to settle and pay the claims. But such a course would be liable to frequent abuse unless plaintiff should positively plead and prove that there was an actual liability and an actual *bona fide* payment of money pursuant to such agreement. I do not think that sufficiently appears in the pleadings in this case, and that evidence on that subject was improperly admitted.