Argued September 15; reversed September 28, 1948

# HOLLEMON *v.* LAKESIDE LUMBER COMPANY
### 197 P. (2d) 679

*Richard B. Maxwell* argued the cause for appellant. On the brief were Farrens & Maxwell, of Klamath Falls.

*U. S. Balentine* argued the cause for respondent. With him on the brief was D. E. Van Vactor, both of Klamath Falls.

Before ROSSMAN, Chief Justice, and LUSK, BELT, BAILEY, BRAND and HAY, Justices.

BAILEY, J.

Under date of September 5, 1946, a written contract was entered into between plaintiff, Fred C. Hollemon, therein referred to as "Logger", and the defendant, Lakeside Lumber Company, therein designated as "Company", in which it is recited that Company in the owner of the standing timber in Section 18, Township 39 South, Range 6, E. W. M., in Klamath County, Oregon, estimated at ten million feet log scale, which it desires to have logged and transported to its sawmill located on Upper Klamath Lake, and that Logger desires to perform this service. It is stipulated that Logger agrees to fell, limb, buck, load, transfer and deliver to the pond of Company at its sawmill all merchantable timber owned by Company on said Section 18. For this service Company agrees to pay Logger the sum of $17.50 per thousand feet. The contract further provides:

### "TIME AND RATE OF LOGGING

"Logger shall immediately upon the execution of this agreement commence preliminary work in preparation for logging, and shall commence the handling, production and delivery of logs as quickly as possible, and in no event later than August 15, 1946.

"Logger covenants and agrees to prosecute said work diligently and continuously throughout the remainder of the logging season of 1946 and covenants and agrees to deliver to Company an average of not less than fifty thousand feet, log scale, per working day during the remainder of said season.

\* \* \*

### "DEFAULT—CANCELLATION

"It is mutually agreed that time is of the essence of this contract and should either party make de-

fault hereunder or fail to perform the obligations assumed hereunder strictly in accordance with the terms herein stated, or should default in any other of the terms of this agreement and fail to remedy such default within ten days after written notice thereof by the other party, then the party giving such notice shall have the option to terminate this agreement immediately after said ten days or any time while said default continues. Declaration of default and termination shall not be deemed to waive any right which either party may have against the other by reason of preceding breach of contract.''

This action was instituted on November 12, 1946. The amended complaint, which forms the basis of plaintiff's claim, alleges the execution of the contract hereinbefore referred to and proceeds as follows:

''III. That the plaintiff herein entered upon the performance of said contract and in all particulars performed said contract up to the 1st day of October, 1946, and on said date the defendant terminated plaintiff's right to continue with said contract by then refusing to permit plaintiff to fall, limb, buck, load, transfer and deliver logs as provided in said contract or otherwise performing thereunder.

''IV. That the plaintiff herein at all times was ready, able and willing to perform his part of said contract and except for the above facts, this plaintiff would have performed said contract in its entirety, and that there was standing upon Section 18, Township 39 South, Range 6 E. W. M., no less than 10 million feet log scale of timber located in Klamath County, Oregon, and that the plaintiff herein if permitted to carry out said contract would have made an additional profit over and above all amounts paid to him on said contract of no less than $30,000.00.''

The fifth paragraph of the amended complaint alleges that the acts of defendant in preventing plaintiff from performing the terms of the contract resulted in plaintiff's damage in the sum of $30,000. Defendant's answer admits the execution of the contract, denies all of paragraph III, except the allegations as to plaintiff entering upon the performance of the contract, and all of paragraphs IV and V of the amended complaint. In an affirmative defense it is alleged that the plaintiff "made a final accounting with defendant and entered into an accord with defendant fully terminating all obligations of either party to the other under said contract and accepted the sum of $943.31 in full satisfaction of said accord and thereby terminated all obligations of one party to the other under said contract." The reply denies all the affirmative matter set forth in the answer.

The case was tried to a jury. From a judgment entered on a verdict in favor of plaintiff, defendant has appealed.

Plaintiff in its case in chief testified that he began delivering logs to the defendant on August 28, 1946, and that he continued delivering logs to and including October 4 of that year, and that he had delivered a total of only 373,353 feet, which was delivered between August 28 and October 4, 1946. Of the foregoing amount 50,960 feet were delivered between August 28 and September 4, 1946, or an average of 8,493 feet for each of the six working days during that period. From September 5 to and including October 4 there were delivered 322,393 feet, or an average of 14,654 feet for each of the 22 working days during that period.

The terms of the contract between plaintiff and defendant were agreed upon in the latter part of July

or the first part of August, 1946, at which time plaintiff commenced preliminary work in preparation for logging. The first delivery of logs at defendant's sawmill was on August 28. On or about the 5th day of September, 1946, the oral agreement between the parties was reduced to writing.

On or about October 1, 1946, defendant notified plaintiff to stop logging operations. Plaintiff, however, continued to deliver logs until October 4. There is evidence that plaintiff a few days thereafter consented to the termination of the contract.

At the close of plaintiff's case in chief defendant moved for an involuntary nonsuit on the ground that "plaintiff has wholly failed to establish the allegations of his complaint, that he in all particulars performed said contract up to the 1st day of October, 1946. * * * Next, that plaintiff has wholly failed to prove the allegation of his complaint that plaintiff had a right to continue with said contract; next, that plaintiff has wholly failed to prove the allegation of his complaint that plaintiff at all times was ready, able and willing to perform his part of said contract; next, that plaintiff has wholly failed to prove the allegation of his complaint that plaintiff would have performed said contract in its entirety, but, on the contrary, all the evidence in the case having been produced by plaintiff establishes the contrary of those allegations of his complaint".

■■ The first assignment of error is based on the court's denial of this motion. In our opinion the motion should have been allowed. In his amended complaint plaintiff alleges that he "entered upon the performance of said contract and in all particulars performed said contract up to the 1st day of October, 1946". This averment as to performance of the contract was contro-

verted and therefore it was incumbent on the plaintiff to establish on the trial facts showing such performance. *Jaloff v. United Auto Indemnity Exchange,* 121 Or. 187, 194, 253 P. 883; *Wolke v. Schmidt,* 112 Or. 99, 103, 228 P. 921; *Rose v. U. S. Lumber & Box Co.,* 108 Or. 237, 249, 215 P. 171; *Maynard v. Lange,* 71 Or. 560, 565, 143 P. 648; §§ 2-226 and 2-227, O. C. L. A. This the plaintiff failed to do. His own testimony showed that he had not substantially performed his part of the contract. Instead of delivering an average of "not less than fifty thousand feet, log scale, per working day" up to October 1, 1946, he delivered an average of only 13,334 feet per working day from the time he began delivering logs until he quit. In order to have complied with the contract it would have been necessary for him to have delivered more than one million feet of logs in excess of the amount actually delivered.

No excuse for this failure is alleged in plaintiff's pleadings. Nor is it alleged therein that the defendant had waived any of the provisions of the contract to be performed on the part of plaintiff. The provision of the contract, hereinbefore set forth, relating to the termination thereof by one of the parties thereto, on giving ten days' notice to the other party of his or its default, does not relieve plaintiff from establishing the facts alleged, nor does it aid him in proving the averment on which he relied for recovery.

We are of the opinion that the Circuit Court erred in denying defendant's motion for an involuntary nonsuit. We therefore deem it unnecessary to consider appellant's other assignments of error. The judgment appealed from is reversed and the cause remanded to the Circuit Court with instructions to set aside the judgment appealed from and to enter a judgment of involuntary nonsuit against the plaintiff.